## WILLIAM WISEMAN v. THE STATE.

### No. 741. Decided November 25.

1. **Bill of Exceptions to Evidence— Practice on Appeal.**—Bills of exception as to evidence, to be entitled to consideration on appeal, must be filed before adjournment of the trial court for the term.

2. **Charge of Court—Practice as to, on Appeal.**—If a charge, though not excepted to, be erroneous, the judgment will be reversed, provided the errors are of such nature, when considered in connection with the evidence adduced and issues raised on the trial, as were calculated to injure the rights of the ac-cused.

3. **Assault with Intent to Murder—Evidence—Res Gestæ.**—On a trial for assault with intent to murder, where it appeared that the immediate cause of the difficulty was insulting language used by the accused concerning the sister of the injured party, but it further appeared that some five minutes prior thereto accused had used insulting language about another lady: *Held,* that his previous insulting language and conduct were admissible in evidence as res gestæ, and also to prove that accused was fatally bent on mischief, and determined to provoke trouble of the most serious character.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. BLACKBURN.

Appellant was indicted for assault with intent to murder one K. L. Spivey, and at his trial was convicted, with his punishment assessed at imprisonment for two years in the penitentiary.

It appears from the testimony, that there was a dance given at Cary White's on the night of January 7, 1893, which was attended by a num-ber of young people, among them Spivey and appellant, who had there-tofore and up to the encounter been good friends. While the dance was progressing, appellant was sitting on Spivey's knee, prompting the danc-ing, and Spivey asked appellant why he did not dance with the Mitchel girl, and he replied, " that the damned bitch was too high-toned to dance with him." The Mitchel girl was not a female relative of Spiveys'.

Appellant then went out doors, and others asked him why he did not

dance with Miss Spivey, a sister of K. L. Spivey, and he made a remark about Miss Spivey too obscene to be published.   This remark was carried to Spivey by one Pug Hendren, who was absent at the trial, and could not be found just at that time.   Spivey asked appellant if he had said so, about and concerning his, Spiveys', sister, which he said he had, and Spivey told him he had to take it back or take a whipping; and appellant replied, that he had said nothing to take back, and he would not take a whipping.   Spivey told him to go out of the yard with him, and appellant said he would lead the way, and Spivey followed.   They went out of the yard together, talking.   Spivey then told him if he did not take it back he would beat his brains out; all of which appellant refused to do. Spivey then struck him with something in the face—some of the witnesses say with brass knucks.   Defendant immediately reached around and cut Spivey four times in the back, one of the wounds being eleven inches long, cutting two ribs, and into the hollow.   A physician who attended Spivey testified that he was confined to his bed two months from his wounds.

*Jas. S. Boyd* and *W. S. Holman*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder.   Bills of exceptions were reserved to the admission of insulting language used by defendant in regard to Miss Mitchell, as well as to the charge of the court in several particulars, but inasmuch as the bills were not filed until two days after adjournment of the court, they can not be considered on appeal.   This disposes of the objection to the testimony.   If, however, the charge, though not excepted to at the time, is erroneous, the judgment will be reversed, provided the errors are of such a nature, when considered in connection with the evidence adduced and issues raised on the trial, as were calculated to injure the rights of the accused.   We have carefully examined the charge of the court, and objections thereto made, but find no error has been committed.   Every phase presented by the evidence favorable to defendant was by the charge submitted to the jury.   This having been done, there was no error in refusing charges requested by defendant.   We are of opinion the evidence amply supports the conviction for assault with intent to murder.   When struck by Spivey, appellant returned the blow with a knife instantly, thus demonstrating that he was not only prepared with an open knife, and willing, but that he was anxious, to engage in a deadly conflict with Spivey, the assaulted party.

The judgment is affirmed.

ON REHEARING.

HURT, PRESIDING JUDGE.—Pertaining to a bill of exceptions, which appeared from the record as having been filed too late, the record being corrected, it now appears to have been filed in time, and the matter therein will be considered.

Over objections of defendant, the State proved by Spivey that he asked defendant why he did not dance with the Mitchell girl. He replied that the " damned bitch was too high toned to dance with him." When these remarks were made, defendant went out of the house on the gallery, and " about five minutes after," Spivey was requested by Hendren to come out. Spivey asked him what he wanted, and he said, " Come out." Spivey went just outside of the door, where Hendren and defendant were, and Hendren said to defendant, " Now make some of your big talk." Defendant said, " What talk?" Hendren replied, " What you said in the hall." Defendant replied, " By God, I said it, and I meant it." Spivey asked him what it was he had said. Defendant answered with remarks about Spivey's sister, which are too obscene to be here inserted. What was said about Miss Mitchell was clearly a part of the same transaction— res gestæ of his remarks regarding Miss Spivey. The remarks regarding Miss Mitchell tended strongly to prove that he was fatally bent on mischief; that he was determined to promote trouble, and that of the most serious character. This is made absolutely certain by what he said to Cook, to-wit, " I can't get a partner, and I am going to break up the damned party." Counsel for appellant objects to this statement in the opinion: " When struck by Spivey, appellant returned the blow with a knife instantly, thus demonstrating that he was not only prepared with an open knife, and willing, but that he was anxious to engage in a deadly conflict with Spivey, the assaulted party." If counsel for appellant will examine the opinion, he will find this statement is made with reference to the sufficiency of the evidence to support the verdict. The opinion does not intimate that there is no evidence in the record in conflict with this statement. Nor was it necessary for this to have been the case. It is sufficient if this statement be supported by the evidence, though there may be some conflict in the evidence. Why? Because the jury settles the conflict. Is the statement supported by the evidence, the weight of the evidence? It is, most powerfully; not only by positive proof, but by all the attending circumstances.

The motion for rehearing is granted, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.