CHARLEY THOMAS V. THE STATE.

No. 11181.   Delivered February 15, 1928.

Rehearing denied March 21, 1928.

**1.—Driving Auto While Intoxicated—Motion for New Trial—Bill of Exception—Rule Stated.**

A bill of exception complaining of the overruling of appellant's motion for a new trial is not sufficient to bring before us anything with sufficient particularity to require us to consider it. If any matters set out in the motion for a new trial are erroneous, the particular errors should be manifested by a bill of exceptions presenting the point relied upon .

**2.—Same—Continuance—Properly Refused.**

Where a continuance is asked on account of the absence of a witness, and the bill of exception presenting the complaint of its refusal, shows an entire lack of diligence, and no affidavit of the absent witness is appended to the motion for a new trial, no error appears in the refusal of such application.

**3.—Same—Evidence—Of Collision—Properly Admitted.**

Where, on a trial for driving an automobile while intoxicated, there was no error in permitting proof that appellant had a collision on the highway with another automobile driven by another person. Such proof, manifestly, was pertinent to the main issue of appellant's intoxication.

**4.—Same—Sentence—Reformed.**

Where the sentence recited that the punishment of appellant had been fixed by the verdict at confinement in the penitentiary and the verdict rendered fixed the punishment at confinement in the county jail, the sentence will be reformed by striking out the word "penitentiary" and inserting in lieu thereof the word "jail," and as reformed, the judgment will be affirmed.

ON REHEARING.

**5.—Same—No Error Disclosed.**

We have again examined the record in the light of appellant's motion for rehearing and find nothing persuasive that our former disposition of the case was erroneous, and the motion is overruled .

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for driving an automobile upon a public highway while intoxicated, penalty sixty days in the county jail.

The opinion states the case.

*Jas. D. Buster,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for driving an automobile while intoxicated upon a public highway, punishment sixty days in the county jail.

The facts seem ample to support the judgment of conviction and need not be stated in detail. A number of witnesses testified that appellant was under the influence of intoxicating liquor, and that he was driving his automobile upon a public highway.

The first bill of exceptions complains of the overruling of appellant's motion for new trial. We have often said that such a bill is insufficient to bring before us anything with sufficient particularity to require us to consider it. The motion for a new trial in a criminal case is supposed to set up all the errors, if any, committed by the trial court during the entire proceedings, from the empaneling of the grand jury to the verdict of the jury. If any of these matters are erroneous, the particular error should be manifested by a bill of exceptions presenting the point.

Bill of exceptions No. 2 complains of the refusal of a continuance sought because of the absence of Fred Muller. It is enough to say that the bill shows an entire lack of diligence. The truth of the facts stated as expected from the absent witness do not appear supported by any testimony in the case. No affidavit of the absent witness is appended to the motion for new trial.

There is a bill of exceptions to testimony showing that at the time alleged as that of the offense, appellant had a collision on the highway with an automobile driven by another person. Manifestly proof of the fact that the accused, charged with this offense, had a collision on the highway while driving his automobile, might be part of the necessary proof of the state in its effort to show that the accused was intoxicated. His manner of handling his car might be most pertinent. There is nothing in the complaint.

The remaining bill of exceptions complains of the refusal of an instructed verdict. The matter is without merit.

Our attention is called to the fact that in the sentence it is recited that the punishment of appellant has been fixed by the verdict of the jury at confinement in the penitentiary. The use of the word "penitentiary" was an error. The verdict fixed appellant's punishment at confinement in the county jail, and the remainder of the sentence was in accordance with the verdict. The sentence will be reformed by striking out the word "penitentiary" and inserting in lieu thereof the word "jail." As reformed the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again examined the record in the light of appellant's motion for rehearing and find nothing leading us to believe our former disposition of the case was erroneous.

The motion is overruled.

*Overruled.*