## M. S. Deavers v. The State.

No. 12114.    Delivered January 9, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful transportation of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

The appellant was driving an automobile and was met by an officer who was also driving a car. After they had passed each other, the officer turned his automobile around and followed the appellant, who drove through a gate, left it open and drove very fast. The officer followed the appellant, also driving his car at a rapid speed, and fired his pistol in the air several times. As he approached the appellant's car and while it was still moving, he smelled the odor of whiskey and saw whiskey being poured out of the car. When the officer overtook the appellant, he was breaking jars which were on the seat of the car. A number of jars were broken, but the officer obtained two that were not, and they both contained whiskey.

An application for a continuance was made for the testimony of Eva Deavers and her husband, R. L. Deavers. The indictment was filed November 8, 1927, and the trial took place on May 14, 1928. The application for a subpoena for the witnesses named was made on May 7, 1928. The appellant testified that at the time of the alleged offense he lived in King County on the McIntosh Place with his brother and his wife; that on the morning of his arrest when he undertook to crank his car it failed to start; and that he borrowed a car from his brother. The borrowed car had been used on the previous day by persons named Morrison and Stamps. They got the car late in the evening and returned it during the night. The appellant had no knowledge of where they went and did not know there was any whiskey in the car. In fact, he did not discover it until after the officer fired his pistol and while he was driving his car very fast. He smelled whisky and raised up the cushion to see if there was any in the car. He was scared and did not know what to do so he went to breaking the bottles. Up to that time he did not know there was any whiskey in the car; that after he discovered the whisky, he drove about five miles before he was overtaken by Smith, the officer.

The motion to continue was a second one. It charged that the absent witnesses would have testified that on the evening before his arrest the appellant had no whiskey; that the car which he was driving had been used by Morrison on the night before. The absence of Eva Deavers was accounted for by the fact that she had been operated on some two months before the trial and was very sick at the time of the trial; that R. L. Deavers, her husband, was absent in order that he might be at the bedside of his wife; that the children of the Deavers' family were also sick. The reason for the previous application for a continuance is not shown. It is apparent, however, that the witnesses for whom the present application was made were subpoenaed but a few days before the trial and many months after the indictment was filed, and also after the case had been continued at one term of court.

Attached to the application is the unsworn statement signed by C. C. Pate, M. D., in which he states that Mrs. Deavers had been under his care for about two months and was unable to be up and about and that from her health's point of view he did not consider it advisable for her to attend court. She being sick and a woman, it was incumbent upon the appellant, in view of her sickness, to have used some diligence to have taken her depositions. The motion for

new trial is not supported by any affidavit or testimony of either of the witnesses, and in view of the evidence heard upon the trial, we are of the opinion that in overruling the motion to continue, the trial court did not abuse his discretion.

The evidence of the witness Smith touching the incidents to which we have adverted above was not improperly received. It was admissible for the impeachment of the appellant. Before the arrest of the appellant, the officer saw him in the act of transporting whisky under circumstances constituting "probable cause" for searching the car without a search warrant. See Battle v. State, 290 S. W. Rep. 762; Cornelius on Search & Seizure, p. 187, notes. The officer's testimony was not rendered inadmissible by Art. 727a, C. C. P., 1925.

There were two counts in the indictment, the first charging transportation and the second the possession of intoxicating liquor for the purpose of sale. The verdict was specifically based upon the first count. There was no error in submitting the two counts to the jury. They involved but a single transaction and an election as between the counts was not required by law. See Gonzales v. State, 12 Tex. Crim. Rep. 663, and cases collated in Branch's Ann. Tex. P. C., Sec. 444, subds. 10 and 11. In refusing the appellant's request for an election, no error was committed.

The sentence directs the confinement of the appellant in the penitentiary for a period of two years. It is reformed so that his confinement shall be for not less than one nor more than two years.

The judgment is reformed and affirmed.

*Affirmed.*