HAZEL STEVENS v. THE STATE.

No. 19789.  Delivered June 1, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*Alvin F. Nemir* and *R. Temple Dickson*, both of Sweetwater, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for driving an automobile on the public highway while intoxicated. The punishment is

a fine of $200.00 and confinement in the county jail for sixty days.

The record shows that on the 27th day of May, 1937, appellant, while intoxicated, drove an automobile upon the left hand side of a public highway in Nolan County between Sweetwater and Roscoe. After she had passed Scotty's Wrecking Shop, a short distance out of Sweetwater, she ran into a car driven by W. R. Potter, injuring the occupants thereof.

By bills of exceptions numbers one and two, appellant complains because Mr. Potter was permitted to testify to facts showing the position of his car immediately after the collision and the effect upon the occupants thereof. Appellant's objection thereto was that it was irrelevant, immaterial, inflammatory and prejudicial. We think this testimony was admissible because it grew out of and was a part of the transaction. The evidence showing the position of Potter's car was admissible as tending to show that appellant was on the wrong side of the highway, and could be considered in connection with other facts in determining appellant's condition at the time; whether intoxicated or not.

By bills of exceptions numbers three, four and five, she complains of the testimony of certain witnesses as to what appellant said with reference to her condition, her conduct, and that the other party had hit her. Her objection thereto is based on the ground that she was under arrest at the time—that the officer was on the scene and would not have permitted her to leave, and that the statements were not res gestae, etc. We think that anything she said and did at the scene immediately after the collision was a part of the res gestae and admissible to show her condition. Therefore the contention is overruled. See Lamb v. State, 75 Texas Crim. Rep. 75; Wiseman v. State, 32 Texas Crim. Rep. 454 (456).

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing the appellant again presents the same matters which are dis-

cussed in the original opinion. Deeming the proper disposition of the appeal to have been made upon the original submission, the motion for rehearing is overruled.