ROBERT JAMES v. THE STATE.

No. 20987. Delivered April 24, 1940.

154

The opinion states the case.

*L. E. King,* of Hemphill, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of fifteen years.

The indictment contained but one count in which appellant was charged with having killed Henry Lee with malice aforethought.

The testimony adduced by the State, briefly stated, shows that on the night of June 29, 1939, after the deceased had retired for the night, appellant appeared at the home of Henry Lee and called to him to come to the door. In response to the call, the deceased arose from his bed and started to the door to ascertain what the late visitor wanted, but before the deceased reached the door appellant shot him with a shotgun from the effects of which he died early the next morning.

Appellant did not testify, offered no affirmative defense and filed no plea for a suspension of sentence.

By Bill of Exception No. 2 appellant complains of the action of the trial court in permitting the State to introduce in evidence an indictment returned by the grand jury in the year 1926, charging appellant with an assault to murder, together with a judgment of conviction based on the charge in said indictment. Appellant objected to the introduction of said documents and testimony upon the following grounds: "Because of the manner of proving the conviction, if there was a convic-

tion, and for the further reason that all men are not the same all during the time of their lives; if they were at one time of one kind of character, they may at another time be of another kind of character, and there is room for improvement all the time. The introduction of the conviction has nothing to do with or throw any light on this murder charge." While the objections urged against the evidence are vague and not a proper objection, yet this evidence was so obviously inadmissible that any kind of an objection would reach it under the status of the case. See Jordan v. State, 96 Tex. Cr. R. 622. It could not have been admitted to impeach him or to affect his credibility as a witness because he did not testify, but if he did, it was too remote; nor did it shed any light on any issue of the case on trial. See Spiller v. State, 135 S. W. 549; Bowers v. State, 71 S. W. 284; Brown v. State, 120 S. W. 444; Vick v. State, 159 S. W. 50; and many other cases might be cited.

It is the established rule that one on trial charged with an offense, the evidence by which the charge is sought to be established should be limited and confined to such facts and circumstances as are relevant and pertinent to show that the crime was committed, the identity of the accused and his connection therewith. Evidence of the commission of other extraneous offenses is ordinarily not admissible unless they tend to show identity, system, intent, etc.

Having reached the conclusion that the learned trial court fell into error by admitting the evidence of a remote and extraneous offense, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.