JOHN WILLIAMS V. THE STATE.

No. 22412.  Delivered March 3, 1943.

The opinion states the case.

*Philip Wolfe,* of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a fine of $50.00 and six months in the county jail on a charge of driving a motor vehicle on a public highway while intoxicated.

The evidence of the case amply warrants the jury in finding that the appellant was intoxicated at the time of the collision with another automobile in which the driver of the other car had both legs broken. Admittedly he was driving the car and he states that he was behind a heavier vehicle which stopped

suddenly and forced him to turn to one side, at which time he met the other vehicle in the crowded traffic going to and returning from a war works plant.

The first bill of exception complains of the failure of the court to quash the complaint filed against him and presents nothing calling for a discussion. The ruling of the court was correct. Bill of exception number two complains of introduction in evidence of a statement by Claude Pfifer who said that both his car and that of appellant were damaged in the collision and that the witness' legs were broken. It occurs to us that in view of the denial on the part of appellant that he was intoxicated, all of the immediate circumstances which would throw light on that issue would be admissible. The bill does not sufficiently present the surrounding circumstances to show the damage done by the evidence or to negative its materiality. Another bill complains of a personal matter inquired about involving the attorney for appellant and relating to another case. So far as we are able to tell, the reference is rather complimentary to the attorney and certainly could not be construed as prejudicing the jury against appellant's attorney.

What purports to be bill of exception number five appears to be an original instrument embracing an affidavit of two of the jurors setting out procedure by which the jail records were carried into the jury room accompanied by the county judge, prosecuting attorney, bailiff, and appellant's attorney, and exhibited to the jury. By affidavit, two jurors said "* * * the records produced actuated us and was the controlling factor in finding a verdict of guilty in this cause." The record does not contain a motion for a new trial based on misconduct of the jury. Just how this instrument could have been handled when it was taken and under what conditions, the record fails to reveal. As best we may gather, all the parties were present and in the jury room. The bill says that appellant objected to this "conduct." Whether they objected to the presenting of this evidence in the jury room or whether or not the objection was limited to the two jurors acting on it is not revealed by the bill as it is found in the record. Yet if appellant was objecting to the conclusion reached by the jury based on this evidence, it should have been in the form of a motion for new trial and supported by the evidence of the jurors. We do not understand how counsel could expect us to consider evidence presented originally in this court. It is our purpose to pass on that which took place in the trial of the case as reflected by the record properly made. Original papers have no place in the transcript.

No error being presented for our consideration, the judgment of the trial court is affirmed.