# DECEMBER 18, 1946

## JESSIE ALLEN V. THE STATE.

No. 23398. Delivered October 30, 1946.
Rehearing Denied December 18, 1946.

The opinion states the case.

*A. S. Baskett,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

It was charged by complaint and information that appellant while intoxicated drove an automobile upon a public road in Dallas County, Texas. Upon conviction his punishment was assessed at confinement in the county jail for one year.

Appellant sought to have the State's pleading quashed because it did not designate the particular road upon which the alleged drunken driving occurred. The holding of the court is adverse to appellant's contention. White v. State, 131 Tex. Cr. R. 69, 95 S. W. (2d) 429; Pritchett v. State, 137 Tex. Cr. R. 423, 129 S. W. (2d) 676; Bedwell v. State, 142 Tex. Cr. R. 599, 155 S. W. (2d) 930.

Bill of exception number two brings forward complaint at the testimony of Mrs. Staten, to the effect that upon the occasion

in question she and Mrs. Ripley were in a station wagon driving on the McKinney Avenue Viaduct, on the right side of the road, and that appellant, driving an automobile in the opposite direction ran head-on into their station wagon. Appellant objected that this evidence was irrelevant, immaterial and prejudicial, and did not tend to shed any light upon the question as to whether appellant was intoxicated. We can not agree with this proposition. If appellant was driving on the wrong side of the road and struck head-on a car which was on the right side of the road, it would be a circumstance, which in connection with other proven facts, could be considered by the jury in determining whether appellant was intoxicated at the time.

Bill of exception number three gives us some concern. It recites that Mrs. Ripley testified that on the occasion in question she was in a station wagon driven by her friend, Mrs. Staten; that while they were driving on the viaduct they saw a car coming fast, and zigzagging across the viaduct, and that it was followed by a second car coming fast, and as it zigzagged she saw it was headed in their direction, and that it hit them almost instantly. At this point the attorney representing the State asked the witness "what the collision did to her when she was crushed down under the seat that way?" Appellant objected to the question and the answer on the ground that it was immaterial, irrelevant and highly prejudicial to appellant. The objection was overruled, and the witness answered as follows:

"Well, I found out I had a crushed and broken leg, the the bones sticking through in three or four places when I came to; a broken arm, two broken ribs in front, two in the back, and a cut right here over my eye, and a twisted neck; and across my back something has developed and is getting worse all the time, where the front seat hit me, and great pain across my back, and injured tissues in through there, and the nerves; it has affected my arms to this good day; it has affected my right arm, I can't hold a pen, can't write on a typewriter. I know they carried me to a hospital, the ambulance did, and Mr. Ripley was there and took me. When I woke up I was in St. Paul's Hospital."

It will be observed that the objection was to all of the evidence elicited by the question, and was too general, unless the proposition applies that "obviously (all the evidence) would not be admissible for any purpose." It is provable that one accused of drunken driving had a collision on the highway with an automobile driven by another person, on the ground that the manner in which accused handled his car might throw light upon

whether accused was intoxicated at the time. Thomas v. State, 109 Tex. Cr. R. 207, 3 S. W. (2d) 807. Also, it seems reasonable and pertinent to show the effect of such collision upon the car collided with as shedding light upon the speed and manner of driving accused's car, in determining the question whether he was intoxicated. If proof that the collision caused injury to the occupants of the car collided with tends to shed light upon the force of the collision, and the speed at which accused's car was moving and the manner of its operation, then such evidence would seem pertinent in aiding the jury in determining the condition of accused as to drunkenness or otherwise. We have so held· in Stewart v. State, 108 Tex. Cr. R. 199, 299 S. W.· 626; Stevens v. State, 135 Tex. Cr. R. 335, 119 S. W. (2d) 1050; Williams v. State, 145 Tex. Cr. R. 454, 169 S. W. (2d) 172. In consonance with our former holding, we believe the evidence .that as a result of the collision Mrs. Ripley sustained a broken leg, broken arm and ribs, and injury to her neck was admissible. This would indicate the force with which accused's car struck the one occupied by Mrs. Ripley, and would shed some light on the manner in which accused's car was being operated. The cogency of this testimony on the question of appellant's intoxication would, of course, depend on the other facts and circumstances in evidence, but that would go to the weight and not the admissibility of the evidence. In this connection it must be remembered that officers who reached the scene of the collision soon after it occurred testified that appellant was drunk, that the odor of whisky was strong on his breath. Appellant denied that he was intoxicated and asserted that he was "cold" sober, and attributed the collision to the state of traffic on the viaduct, and that it was an unavoidable accident.

We have been unable to see in what way the details of the injuries sustained by Mrs. Ripley and the resulting pain and suffering and probable continuance thereof shed any light upon the question of whether appellant was intoxicated, and if objection thereto had segregated this part from the evidence which was admissible a most serious question would have been presented. Mr. Branch in his Ann. Tex. P. C., Sec. 211, p. 135, states the rule as follows: "A bill of exceptions is too general to be considered if it includes a number of statements some of which are clearly admissible, and there is nothing in the objections to directly challenge or single out the supposed objectionable evidence." Many cases are cited supporting the rule. See also Dixon v. State, 91 Tex. Cr. R. 217, 238 S. W. 227; Tracy v. State, 111 Tex. Cr. R. 160, 12 S. W. (2d) 205; Cadle v. State, 122 Tex. Cr. R. 595, 57 S. W. (2d) 147.

What has been said in discussing bill of exception number three disposes of bills numbers four, six, seven and eight. They simply complain that evidence was received showing that Mrs. Ripley sustained an injury to her leg, and that others were injured as a result of the collision.

Bill of exception number four complains because the court admitted in evidence a photograph taken at the scene of the collision and immediately thereafter, showing the condition of the station wagon as a result of the collision. We think this evidence was admissible. It not only showed the force with which the station wagon was struck, but also showed it to have been on the proper side of the road at the time.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this cause presents a forceful argument on the general proposition that an information or indictment should be sufficiently specific to advise the defendant of what he will be called upon to meet on the trial of his case, and to enable him to prepare his defense. We heartily agree with this general proposition. It must be sufficiently specific to inform a presumptively innocent person of the charge against him. If only the guilty were ever charged with crime the details of a trial might be dispensed with. Our law contemplates that innocent men may be charged with crime, and there is only one procedure which is the same for the innocent and the guilty. With the argument thus made we are heartily in agreement, but we do think that the line of authorities in this State which hold that a complaint is sufficient which alleges that the accused drove a car on a public highway, in a named county, while intoxicated sufficiently meets the demands of our constitution. The line of decisions so holding is unbroken from the time of the passage of the law defining the offense. We are unwilling to depart from that line of decisions in the instant case, as contended for in the motion for rehearing.

The more troublesome question, thoroughly discussed and so denominated in the original opinion, is given but little attention in the motion for rehearing and nothing is presented which, in the opinion of the writer, would require further discussion.

We think the matter was correctly disposed of and the posi-

tion of the court made clear in the original opinion. The appellant's motion for rehearing is overruled.