HOUSTON BALLARD V. THE STATE.

No. 23641. Delivered June 4, 1947.

T. R. Odell, of Haskell, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Upon considering the state's motion for rehearing we have discovered a paragraph in the original opinion reversing this case which does not relate to any issue raised, and which was

copied into the opinion by oversight. Consequently we are withdrawing said opinion and substitute in lieu thereof the following.

The appeal is from a conviction for the offense of murder without malice, with a penalty of two years in the penitentiary.

The indictment charges the commission of the offense while unlawfully driving on a public highway in an intoxicated condition, causing his automobile to collide with an automobile occupied by James H. Clay, who died as a result of injuries inflicted in the collision.

The deceased, a child, was riding in a pickup truck with his parents and others. They were going in an easterly direction, at a late hour of the night, when they met appellant and a companion going west. It is the state's theory that appellant was driving while intoxicated, without any lights, and on the south (or his left) side of the highway. The driver of the pickup discovered the car in this position at close range and swerved his car to the left in an attempt to avoid the collision. Appellant's car struck the pickup about six inches in front of the right door at a place, according to the testimony of the sheriff, about the middle of the highway. The pickup was knocked to the north side with the left wheels at the edge, or probably off of the pavement. There was sufficient evidence to support the jury's finding, under the court's instruction, that appellant was intoxicated at the time. His companion in his car was killed instantly.

The defendant denied being intoxicated, plead an unavoidable accident, claimed that his lights were on, and that he met the pickup while it was zigzaging on the road and thereby he was unable to avoid the collision which resulted. He placed the cars in about the same position when the collision occurred as indicated by the state's testimony—the difference being the cause of the collision. His evidence raised that issue for the jury. It was submitted by an affirmative charge and the jury found against his contention.

By several bills of exception appellant duly complained of the admission of certain testimony giving in detail the extent, the nature, and consequent results, of injuries to the mother of the deceased child. The bills of exception are lodged specifically at different statements made.

Bills of Exception Numbers 1 and 2 complain of testimony of Mrs. Clay as to the injuries which she received. To the extent

that she thus testified we think the evidence is admissible. What the doctor did in treatment of her wounds, as complained of in Bill of Exception No. 3; as well as the future results, as detailed in Bill of Exception No. 4; and the condition of her health prior thereto, as complained of in Bill of Exception No. 5, could shed no light on the issue involved and the evidence was clearly inadmissible.

The question thus raised has been recently treated by the court in the following cases: In Williams v. State, 169 S. W. (2d) 172, in a prosecution for driving while intoxicated, exception was taken to evidence that the colliding cars were damaged and that both legs of the driver of the car with which appellant collided were broken. In holding this testimony admissible it was said: "It occurs to us that in view of the denial on the part of appellant that he was intoxicated, all of the immediate circumstances which would throw light on that issue would be admissible. The bill does not sufficiently present the surrounding circumstances to show the damage done by the evidence or to negative its materiality."

A more recent case is Allen v. State, 197 S. W. (2d) 1013, where we find very similar evidence to that complained of in the present appeal. The rule stated in the Williams case is there recognized. In the opinion by Judge Hawkins it is said: "The cogency of this testimony on the question of appellant's intoxication would, of course, depend on the other facts and circumstances in evidence." The evidence complained of in the Allen case was brought forward by bills of exception which complained of the evidence as a whole. This left no way that this court could pass on the ruling of the trial court. Some of it was admissible and some was not. The reason for the failure of the court to reverse the Allen case, because of the admission of evidence so similar to that before us, is specifically set out in the following language, at page 1015:

"We have been unable to see in what way the details of the injuries sustained by Mrs. Ripley and the resulting pain and suffering and probable continuance thereof shed any light upon the question of whether appellant was intoxicated, and if objection thereto had segregated this part from the evidence which was admissible a most serious question would have been presented."

The foregoing quotation fairly states the rule requiring the rejection of the testimony complained of in the above referred

to bills of exception, found in the record now before us, in so far as they describe the details of the injuries of Mrs. Clay as they subsequently developed, her suffering and the medical treatment given her. Such testimony is not admissible when not a part of the res gestae and the admission thereof requires a reversal of the case, which is accordingly done.

We have considered the state's motion for rehearing and believe that the foregoing opinion, as corrected, properly disposes of the case. Consequently the state's motion for rehearing is overruled.