## BURR ERNEST ATKINSON V. STATE.

No. 25815. May 28, 1952.
Appellant's Motion for Rehearing
Denied June 28, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) October 15, 1952.

Hon. Dean Gauldin, Judge Presiding.

*R. E. Estes*, Dallas, for appellant.

*Henry Wade,* District Attorney, *William C. Dowdy, Jr.,* Assistant District Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for operating a motor vehicle over a public highway while intoxicated, with punishment assessed at ninety days in jail.

A reasonable interpretation of the state's testimony is that appellant, in driving his automobile on a public highway and attempting to drive around another automobile, brought about a two-car collision in which occupants thereof were seriously injured.

The deputy sheriff who arrested appellant shortly thereafter testified that, in his opinion, appellant was intoxicated at the time. Blood taken from appellant showed an alcoholic content of 0.244%. A doctor testified that, based upon such analysis, it was his opinion that appellant was intoxicated at the time the specimen of his blood was drawn.

Appellant denied his intoxication and contended that the collision was an unavoidable accident.

Complaint is made of the overruling of a motion for continuance because of the absence of a witness by whom appellant expected to prove that he saw appellant at the scene of the wreck and detected no odor of intoxicants upon his breath.

No affidavit of the absent witness was attached to or presented upon the hearing of the motion for new trial attesting that the witness would testify as alleged; nor is there testimony, otherwise, showing that the witness would so testify.

In the absence of such an affidavit or proof, we have no way of determining whether the trial court abused his discretion in overruling the motion for new trial based upon the application for continuance. Deavers v. State, 111 Tex. Cr. R. 325, 13 S. W. 2d 86; 9 Tex. Jur., Sec. 148, p. 855.

Complaint is made of the receipt in evidence of the proof showing the collision of the automobiles and the resultant injuries to some of the occupants thereof. The admissibility of like testimony was upheld by this court in Allen v. State, 149

Tex. Cr. R. 612, 197 S. W. 2d 1013, upon the theory that proof thereof was pertinent upon the issue of intoxication. There is, in the instant case, no specific objection to proof of critical injuries, as shown in the Allen case.

The trial court, in his charge, gave the usual definition attached to the term, "intoxication," in such cases—that is, one is deemed to be intoxicated or under the influence of intoxicating liquor within the meaning of the law when said person does not have the normal use of his physical and mental facilities by reason of the use of intoxicating liquor.

We are constrained to agree that such charge amply protected appellant's rights under the facts here presented, and that no necessity existed to charge further upon the subject.

Appellant insists that the record is not sufficient to show that he consented to the taking from him of the blood sample, and, by reason of such fact, proof thereof was not admissible.

Whether or not appellant's contention is well taken is immaterial, for no objection appears either to the proof of the alcoholic content of the blood sample or to the testimony of the doctor that, based upon the analysis, appellant was intoxicated at the time the blood was taken.

Appellant's failure to object to proof of such fact renders immaterial any question as to whether appellant did or did not agree to the taking of the blood sample.

A bill of exception appears which shows that over the repeated objections of defendant's counsel, state's counsel was permitted, while interrogating the prospective jurors on their voir dire examination, to quote to the jurors "a definition of driving while intoxicated, as well as an aggravated assault with a motor vehicle, and the respective penalties attached to each, and by giving to the jury, the definition of intoxication; the law of negligence, and that 'all the State wants, is a jail sentence.'"

The qualification appended to this bill of exception by the trial court was as follows:

"The Court permitted the Ass't District Attorney to explain the law pertaining to the offenses charged and the range of penalty attached thereto, but does not certify that said questions

asked the jurors were prejudicial to the rights of the defendant and constituted error."

As presented, we fail to see any error reflected by the bill of exception as qualified. However, we cannot refrain from calling attention to the fact that the law governing a case is given to the jury by the court (Art. 657, C. C. P.), and it does not lie with the state's counsel to tell the jury what the law is.

Bills of exception appear complaining of argument of state's counsel, particularly with reference to the facts showing collision. Under the holding that testimony as to such facts is admissible, state's counsel was authorized to make reference thereto in argument.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Our attention is again called to appellant's bill of exception No. 3, which complains that the witness was permitted to testify that, following the accident, a child (a passenger in an automobile with which the vehicle driven by the appellant had collided) was not expected to live.

In driving while intoxicated cases, the question of admissibility of evidence as to injuries sustained by the occupants of the automobile which was driven by the appellant, or occupants of the automobile with which he collided, has been before this Court only a few times. The cases seem to hold that where such evidence, even including the death of one of the occupants, is a part of the res gestae it is admissible under such rule. Stewart v. State, 108 Tex. Cr. R. 199, 299 S. W. 646; Stevens v. State, 135 Tex. Cr. R. 335, 119 S. W. (2d) 1050; and Williams v. State, 145 Tex. Cr. R. 454, 169 S. W. (2d) 172.

In Allen v. State, 149 Tex. Cr. R. 612, 197 S. W. (2d) 1013, Judge Hawkins held admissible evidence that an occupant of one of the automobiles, which was involved in a collision as the result of appellant's driving while intoxicated, sustained a broken leg, arms, ribs, and an injury to her neck. He questioned the admissibility of evidence as to details of the injuries and

the resulting pain and suffering and probable continuation thereof.

From the files of this court, we have secured the bill of exception which was before this court when we wrote the opinion in the Allen case. There, we find testimony that the bones were sticking through in three or four places on her broken leg, and further testimony that the injured party at the time of the trial was still unable to hold a pen as the result of injury to the nerves in her right arm. It is clear, then, that we were expressing doubt as to the propriety of proof of such gory details because of the fear that the same would inflame the minds and arouse the prejudice of the jury.

Had the officer testified as to the details of the injuries, or the suffering and pain experienced by the child, then, clearly, this case would have come within the rule expressed in the Allen case. Here, the question goes no further than to prove that injuries were sustained in the accident by the child, from which it was not expected to recover. The details thereof are not shown, and the rule expressed in the Allen case has not been violated. The record further affirmatively reveals that the child did not die, but was later released from the hospital and returned to its home.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.