## V. A. MASSOLETTI V. STATE

No. 29,038. June 5, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 29, 1957.

Jack Morgan, Kaufman and Burt Barr, Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault resulting from the operation of an automobile as denounced by Article 1149, V.A.P.C.; the punishment, 6 months in jail and a fine of $500.00.

The testimony of the five witnesses for the state will be summarized. The appellant, who was driving north on the highway in question, swerved across the center stripe onto his left hand side of the highway, which caused one automobile which he was meeting to leave the paved portion of the highway in order to avoid being hit; the appellant righted his automobile and then again crossed the center stripe, and this time collided headon with an automobile being driven by one Parry, causing injuries to himself and members of Parry's family. Whiskey and vodka were found in the appellant's automobile.

The appellant did not testify or offer any evidence in his own behalf.

The facts will be more fully set forth as we discuss the contentions advanced by able counsel in brief and argument.

Appellant moved for a continuance because of the absence of certain witnesses.

We find no affidavits of the missing witnesses as to what their testimony would have been attached to the motion for new trial, nor do we have any showing under oath as to why the same had not been secured before the motion was filed. One of these is requisite in order to successfully complain on appeal of the failure of the court to grant a motion for continuance. Morris v. State, 158 Texas Cr. Rep. 516, 251 S.W. 2d 731, and Gonzales v. State, 161 Texas Cr. Rep. 488, 278 S.W. 2d 167.

A series of objections were leveled at the proof of injuries sustained by Parry, his wife and son. A more detailed discussion will be necessary. It was shown over objection that Parry sustained a broken leg, a broken nose, a fractured skull, and a fractured jaw; both of Mrs. Parry's legs were broken; she stayed in the hospital approximately a month, and the boy was seen bleeding from the mouth shortly after the accident.

This court has held in Stewart v. State, 108 Texas Cr. Rep.

199, 299 S.W. 646, Stevens v. State, 135 Texas Cr. Rep. 335, 119 S.W. 2d 1050, and Williams v. State, 142 Texas Cr. Rep. 454, 169 S.W. 2d 172, that proof as to the injuries to occupants of automobiles involved in a collision was admissible as part of the res gestae and as tending to shed light on the force of the collision, the speed at which the accused's automobile was moving, and the manner of its operation.

Judge Hawkins, in a well considered opinion in Allen v. State, 149 Texas Cr. Rep. 612, 197 S.W. 2d 1013, held it admissible to prove that an occupant of an automobile involved in a collision with an automobile driven by the accused had sustained a broken leg, arm and ribs and an injury to her neck. He points out, however, and the attention of the prosecutors is directed thereto, that the resulting pain and suffering could not shed any light upon the manner in which the accused was driving his automobile on the occasion in question and that proof thereof was not proper.

In the relatively recent case of Atkinson v. State, 157 Texas Cr. Rep. 556, 251 S.W. 2d 401, we held admissible proof that a passenger in one of the automobiles was not expected to live following the accident. In that case, however, we discussed the Allen case and pointed out the danger of proving unnecessary "gory details."

We have concluded that the evidence as to the injuries was admissible in the case at bar.

Appellant relies upon an admonition of this court in Wooley v. State, 162 Texas Cr. Rep. 378, 285 S.W. 2d 218, about introducing pictures of the body of the deceased taken at the scene of the homicide.

We are not here dealing with as graphic illustration as the pictures in the Wooley case, and the same is not controlling in the case at bar.

Appellant next contends that the evidence is insufficient to establish that he operated his automobile with "gross negligence" as charged in the information and required by the court's charge. It is true, and appellant concedes, that this was an unnecessary allegation in a prosecution under Article 1149, supra. See Willson's Criminal Forms, 6th Ed., sec. 1479, and Hernandez v. State, 112 Texas Cr. Rep. 363, 16 S.W. 2d 817. However, we have concluded that the act of the appellant in twice cross-

ing well over the center stripe of the highway while meeting automobiles traveling reasonably close to each other was a demonstration of reckless disregard of human life and a conscious indifference to the rights of others which would support the allegation in the information.

As to appellant's contention relating to the charge, we observe that, while there are other definitions of gross negligence which have been approved by this court, the definition as given by the court in this case was approved in Wright v. State, 90 Texas Cr. Rep. 555, 235 S.W. 886.

Appellant's contention that he was not shown to be the driver of the automobile in question cannot be sustained. The witness Tucker said he saw the Pontiac automobile immediately before and after the collision, testified that there was only one person therein, and that he went to it and helped the appellant, who was under the wheel, get out following the collision. There can be no question from the statement of facts before us that Tucker was referring to the accident which the other witnesses testified occurred on February 6, 1955, the day charged in the information.

Finding no reversible error, the judgment of the trial court is affirmed.