RICHARD FOWLER, JR. V. STATE

No. 34,012.   January 10, 1962

WOODLEY, Presiding Judge, dissented.

*C. Anthony Friloux, Jr.,* and *Ben L. Adams,* Houston 2, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Paul Filer,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is aggravated assault with a motor vehicle; the punishment, a fine of $500.00 and 60 days confinement in jail.

In view of our disposition of this case, we shall not relate the facts in detail. The front of appellant's car struck Robert Lee Phillips, breaking his leg and thumb.

The record contains four purported formal bills of exception which were filed on August 18, 1961, some 92 days after notice of appeal was given on May 18, 1961. They cannot be considered by this Court as they were filed after the 90 days provided in Article 760d, V.A.C.C.P. Segoria v. State, No. 33,841, 350 S.W. 2d 652; Green v. State, 343 S.W. 2d 458; Mendoza v. State, 332 S.W. 2d 335; and Anthony v. State, 166 Tex. Cr. Rep. 60, 310 S.W. 2d 742. We think it not amiss to here point out that while

the trial judge may extend the time for filing a statement of facts (Article 760d, supra), there is no statutory provision authorizing him to extend the time for filing bills of exception.

Appellant also complains of certain jury argument. There being no formal bills of exception or statement of facts containing the argument complained of, this matter is not before us for review.

Appellant presents as error an informal bill of exception, which, in our judgment, controls the disposition of this case. After the State had proven by the witness Dr. A. P. Cullen, Jr., that the injured party, Robert Lee Phillips, had among his injuries a broken leg, the following occurred:

"Q. Dr. Cullen, in your opinion will Bobby Phillips suffer disability as a result of that broken leg?

"Mr. Friloux: Your Honor, I don't think that is a proper question.

"The Court: Gentlemen, in this case the injuries were less than death. That is all you have to prove.

"Mr. Filer: Your Honor, I think it is material. I think the State has a right to explain what the injuries were.

"The Court: He said he had a broken leg.

"Mr. Filer: Well, Your Honor, I think the State can show what the outcome of the broken leg is.

"Mr. Friloux: Your Honor, I can't see the relevancy of this. He's proved without any question as to whether or not the boy was hurt by a motor vehicle. We will stipulate that he had a broken leg.

"The Court: What is the next question?

"Mr. Filer: What is that disability is the next question. My first question was in his opinion did this boy suffer disabilities as a result of this broken leg.

"Mr. Friloux: Your Honor, I would like to enter an objection here for the record. I don't think this man would be qualified to answer that question. He's not a specialist and would not be qualified.

"The Court: Overruled.

"Mr. Friloux: Note my exception.

"A. I think the boy would have some disability.

"Q. What kind of disability? A. He may have some shortening of the leg and probably will have a limp.

"Mr. Filer: No further questions. Pass the witness."

In the State's brief, we are cited Massey v. State, 340 S.W. 2d 291, and Massoletti v. State, 165 Tex. Cr. Rep. 120, 303 S.W. 2d 412, and cases there cited, as authority for making admissible in the trial of a criminal case growing out of an automobile accident evidence of resulting injuries. The State contends that under the authority of these cases, and the very general objections made by appellant, no error is shown.

We have carefully examined all of the authorities cited by both the State in its brief and also all of the numerous cases cited in Massoletti, supra. All of these cases hold it admissible to prove *"injuries to occupants of automobiles involved in a collision."* Nearly all of these cases emanated from appeals of "driving while intoxicated" convictions. The cases in general hold this type of evidence admissible as part of the res gestae *and as tending to shed light on the force of the collision, the speed at which the accused's automobile was moving, and the manner of its operation.*

The earliest, and the leading, case on this question is Allen v. State, 197 S.W. 2d 1013, opinion by Judge Hawkins. The opinion carefully points out that:

"It is provable that one accused of drunken driving had a collision on the highway with an automobile driven by another person, on the ground that the manner in which accused *intoxicated at the time.* * * * Also, it seems reasonable and handled his car *might throw light upon whether accused was*

pertinent to show the effect of such collision upon the car collided with as shedding light upon the speed and manner of driving accused's car, *in determining the question whether he was intoxicated.* If proof that the collision caused injury to the occupants of the car collided with tends to shed light upon the force of the collision, and the speed at which accused's car was moving and the manner of its operation, then such evidence would seem pertinent in aiding the jury in determining the *condition of accused as to drunkenness or otherwise.*"

Allen's case further holds:

"We have been unable to see in what way the details of the injuries sustained by Mrs. Ripley and the resulting pain and suffering and probable continuance thereof shed any light upon the question of whether appellant was intoxicated, and if objection thereto had segregated this part from the evidence which was admissible a most serious question would have been presented."

Another driving while intoxicated case is Atkinson v. State, 157 Tex. Cr. Rep. 556, 251 S.W. 2d 401, wherein complaint is made of the receipt in evidence of the proof showing the collision of the automobiles and the resultant injuries to some of the occupants thereof. The Court stated:

"The admissibility of like testimony was upheld by this Court in Allen v. State, 197 S.W. 2d 1013, upon the theory that proof thereof was pertinent upon the issue of intoxication."

Judge Morrison referred to Atkinson in his opinion in Massoletti:

"In the relatively recent case of Atkinson v. State, 251 S.W. 2d 401, we held admissible proof that a passenger in one of the automobile was not expected to live following the accident. In that case, however, we discussed the Allen case and pointed out the danger of proving unnecessary 'gory details.'"

Massoletti's case was not one involving a charge similar to the case at bar. The punishment was the same as imposed in this case. In Massoletti, the evidence reflected that whisky and vodka were found in the appellant's automobile.

Massey, supra, was a case of "murder without malice under Article 802c, V.A.P.C." The evidence reflects that the appellant was intoxicated at the time of the offense. Both Allen and Atkinson are cited in the opinion. Judge Morrison stated: "We have concluded that the case at bar is controlled by Allen and that the offer to stipulate does not take it out of the rule there expressed."

We do not feel that the testimony of the doctor solved any issue in the case. The prognosis and the doctor's opinion as to disability and the testimony as to shortening of the leg and a limp border closely on being a part of pain and suffering. This testimony was no doubt prejudicial and inflamatory to the rights of the appellant before the jury, and it probably resulted in the imposition of a heavier penalty than would have been imposed absent this testimony. While the appellant's counsel might not have made a specific objection to the testimony, the general rule being that an objection should be specific, naming a particular rule of evidence which will be violated by the admission of the evidence, the purpose of such a requirement is two-fold: (1) It enables the judge to understand the precise question and to make an intelligent ruling, and (2) It affords the offering party an opportunity to remedy the defect if possible. McCormick & Ray, Texas Law of Evidence, page 23, section 24. We here think that the trial judge fully understood the question, but that he later fell into error in admitting the testimony after he had stated: "Gentlemen, in this case the injuries were less than death. That is all you have to prove." We believe that while the objection of counsel might not have been specific, this is the type of case where any form of objection is sufficient. We hold that the evidence was obviously not admissible for any purpose. See 42 Tex. Jur., p. 118, sec. 86; 9 Tex. Jur. Ten Year Suppl., p. 410; James v. State, 139 Tex. Cr. Rep. 153, 139 S.W. 2d 273; Pierson v. State, 145 Tex. Cr. Rep. 388, 168 S.W. 2d 256.

"Where it clearly appears on the face of the evidence that evidence is not admissible for any purpose, the general objection will be deemed sufficient." McCormick & Ray, supra, pp. 24 & 25, sec. 25.

For the error stated, the cause is reversed and remanded.

WOODLEY, Presiding Judge (dissenting)

The testimony of Dr. Cullen was clearly admissible. Root v. State, 169 Tex. Cr. Rep. 382, 334 S.W. 2d 154; Boyle v. State, 158 Tex. Cr. R. 468, 256 S.W. 2d 574; 6 Tex. Jur. 2d 318, Sec. 87.

Whether the victim of the assault was a pedestrian or an occupant of a vehicle would not alter the rule that evidence as to the nature and extent of the injuries inflicted on the assaulted person is admissible regardless of the nature of the charge of aggravated assault contained in the indictment.

Where the state relies upon negligence, the extent of the injuries is admissible under the above rule and also as tending to shed light on the force of the collision, the speed of the automobile the accused was driving, and the manner of its operation.