LOREN WRIGHT BLACKMORE V. STATE

No. 34,281.  February 7, 1962

*J. B. Maguire, Jr.,* Pampa, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The testimony shows that a truck driven by the appellant was weaving from side to side as he drove it along a public highway, and that he drove it off of the paved portion onto the shoulder where it became stuck in the mud. As the appellant was trying to get it out of the mud, three officers arrived. Two officers testified that after appellant got out of the truck, he had trouble walking and talking, and that they smelled the odor of alcohol. They expressed the opinion that he was intoxicated.

Proof was offered that appellant gave his written consent to take a blood test; that a physician removed the blood specimen, and that an analysis showed that it contained .24 per cent of alcohol by weight. The testimony further showed that such a concentration of alcohol in the blood was indicative of intoxication.

The appellant did not testify but called his wife who testified that an officer told her that if the appellant would take a blood test he would be released from jail. Another officer told appellant the same thing about the test. He took the test, and then went home.

There are no formal bills of exception.

It is insisted that the trial court erred in refusing his motions for a continuance on the grounds that his attorney did not have time to prepare for trial and because of the absence of witnesses. No affidavit of any absent witness was attached to the motion for new trial, and no testimony was offered in support of the motion. No error is presented. Art. 760e, V.A.C.C.P.; Massoletti v. State, 165 Texas Cr. Rep. 120, 303 S.W. 2d 412.

Complaint is made of the refusal of the court to charge the jury on the involuntary character of appellant's consent to take the blood test.

No objection was made when the written waiver of consent to take the test was introduced in evidence; and no objection was made to the evidence showing the results of an analysis thereof. In the absence of any objection to the introduction of evidence showing his consent or the results of the test, the refusal of the requested charge was not error. Dominguez v. State, 161 Texas

Cr. Rep. 124, 275 S.W. 2d 677; Atkinson v. State, 157 Texas Cr. Rep. 556, 251 S.W. 2d 401.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.