Mark Anthony MONCRIEF, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–178 CR.

Court of Appeals of Texas,
Beaumont.

Oct. 3, 1984.

Joe Lee Register, Lufkin, for appellant.

Wesley Hoyt, Lufkin, for appellee.

OPINION

BROOKSHIRE, Justice.

By indictment Appellant was charged with intentionally and knowingly causing the death of an individual, Christopher Carter, by shooting him with a shotgun on or about January 10, 1983. Appellant pleaded not guilty. A jury found him guilty. The Court fixed Appellant's punishment at thirty years confinement.

Appellant argues in his first ground of error that the court erred in overruling Appellant's objection to the introduction of Appellant's reputation for being peaceful and law-abiding by the State before it was

placed into issue by Appellant. At the guilt-innocence phase of the trial, the defense called Floyd Wright to the stand. Wright was placed on the stand to impeach the credibility of State's witness Joey Deaton. Wright was asked if he knew the reputation for truthfulness and veracity of Joey Deaton in the community in which he lived. Wright testified that Deaton's reputation was bad. When asked if that reputation was such that it would entitle Deaton to be believed under oath, the witness said, "No, Sir."

On cross-examination, Wright answered affirmatively that he knew Mark Moncrief, the Appellant. The State then asked the following:

"Q  Do you know his reputation in the community in which he resides for being a peaceful and law-abiding citizen?
"MR. REGISTER:  Objection, Your Honor.  At this time I ask the Jury to be removed.
"THE COURT:  For what purpose?
"MR. REGISTER:  To voice an objection.
"MR. HOYT:  It's not objectionable.
"THE COURT:  Your request is denied.
"MR. REGISTER:  At this time we'd ask the Court *grant a mistrial* because of the reputation for a peaceful and law abiding [sic] has not been put in issue.
"THE COURT:  Your request for mistrial will be denied.
"MR. REGISTER:  Note our exception.
"THE COURT:  Your objection to this question is overruled.
"A  Would you repeat it?
"Q  Do you know his reputation?
"A  Yes, sir.
"Q  Is it good or bad?
"A  As far as being law abiding, probably not.  Peaceful, I've never seen the boy cause any trouble.
"MR. HOYT:  Okay.  I don't have any further questions.
"MR. REGISTER:  That's all I have.
"THE COURT:  Okay."

In the instant case, only the general phrase: "Objection, Your Honor" was urged.  A general objection presents nothing for review.  The failure to offer a specific objection to the admission of evidence does not preserve a proper ground of error on appeal.  In *Goodrich v. State*, 632 S.W.2d 349 (Tex.Crim.App.1982), we find:

"Initially we note that when the State sought to impeach the appellant's testimony through evidence of the prior conviction, the appellant only made a general objection that such questions were immaterial.  The failure to offer a specific objection to the admission of the evidence presents nothing for review. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr. App.1974)."

When the court declined the request to remove the jury, Appellant immediately made a motion for mistrial.  Appellant had made no previous request that the trial judge instruct the jury to disregard the question and answer Appellant found objectionable.  The court properly overruled the motion for mistrial.  We find no reversible error.  Ground of error number one is overruled.

In the second ground of error Appellant argues that the trial court erred in failing to grant his motion for mistrial.  A careful reading of the record reveals that at the time the motion for mistrial was made there was no answer from Wright before the jury concerning appellant's reputation for being a peaceful and law-abiding citizen.  Hence, no harmful evidence was before the jury at that point.  The trial court properly overruled the motion for mistrial.  Appellant failed to object or request the court to instruct the jury to disregard the answer *after* it was given by Wright.  A prompt instruction to disregard will generally cure this type of error.  This is especially true of the instant case since the answer given was to the effect that the Appellant *was peaceful* but "probably not" law-abiding.  Appellant failed to move for a mistrial after the answer was before the jury.  We hold that this answer could have

been cured by an instruction from the trial court. *See Sewell v. State,* 629 S.W.2d 42 (Tex.Crim.App.1982). Ground of error two is overruled.

Introduction of the defendant's peaceful and law-abiding reputation before same has been placed into issue by the defendant is error, unless the defense opens the door. We believe the Appellant opened the door.

During the cross-examination of State's witness Otis Joe Deaton who testified *before* Wright, the defense asked:

"Q You've known Mark all your life, have you not, Joey?

"A I have.

"Q And during that period of time have you ever known Mark Moncrief to be a violent person?

"A No, sir.

"Q Have you ever known Mark Moncrief to ever start any problems with anyone?

"A No, sir.

"Q During the period of time that you knew Chris Carter [deceased], did you know of any problems at all that he and Chris may have had?

"A Not Mark and Chris, no.

Bill Boutcher was placed on the stand by the defense. Again, the Appellant's attorney of record asked:

"Q Do you know Mark as a violent person?

"A No. No, I don't.

Vechel Renfro was called to the stand by the defense. On direct examination by the Appellant's counsel, we find:

"Q Do you know Mark Moncrief personally?

"A Yes, I do.

"Q Is his character good?

"A Yes.

"Q Do you know any relationships or do you know the relationship between he [sic] and the deceased party at the time of the death and prior thereto?

"A Yes.

"Q Was it good or bad?

"A It was good as far as I knew. They had no arguments...."

 We find that the defense had already put into issue Appellant's reputation prior to Wright's testimony. Hence, it was proper for the State's attorney upon the cross-examination of Floyd Wright to ask about the reputation of the Appellant for being a peaceful and law-abiding citizen since it tended to impeach the prior testimony elicited by the defense. The trial judge was correct in overruling the Appellant's objection and motion for a mistrial. *See Fowler v. State,* 171 Tex.Cr.R. 600, 352 S.W.2d 838 (1962). A general objection is sufficient where the evidence is obviously not admissible for any purpose. *Xanthull v. State,* 172 Tex.Cr.R. 481, 358 S.W.2d 631 (1962). However, this evidence was admissible for impeachment purposes.

The verdict, judgment and sentence of the district court are affirmed.

AFFIRMED.