**Deberah Ann ALLCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14-04-00217-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 1, 2005.

John C. Osborne, Houston, for appellant.

Lori Deangelo Fix, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and SEYMORE.

**OPINION**

ADELE HEDGES, Chief Justice.

Appellant, Deberah Ann Allcott, appeals from her conviction for driving while intoxicated. A jury found her guilty, and

the judge sentenced her to one year's incarceration, suspended for two years, and a $500 fine. The court also suspended her driver's license for two years. On appeal, appellant contends that the trial court erred in overruling her relevance objections to testimony regarding injuries sustained by motorists and passengers in other vehicles as a result of a collision involving appellant's vehicle. We affirm.

### Background

Appellant was arrested for DWI after the vehicle she was driving collided with another vehicle, causing a chain reaction involving a total of four cars. At trial, the State presented the testimony of Officer George Fickessen, who testified regarding appellant's demeanor after the accident and her failure to pass certain field sobriety tests. Donald Worchesick testified that while he was stopped at a red light he saw a vehicle approach the intersection at "full acceleration" and "a high rate of speed" and hit another vehicle. He said that the driver of the first vehicle did not apply the vehicle's brakes prior to the accident.

The State called two additional witnesses who testified regarding the accident and injuries that they and others received as a result. Jesse Carter testified that he was approaching a red light when he "heard a loud bang." A split-second later he was hit from behind. When the prosecutor asked Carter what injuries he sustained in the accident, defense counsel objected on relevance grounds. The trial judge overruled the objection, and Carter stated that he had several muscle contusions and underwent physical therapy for two and a half months.

Cassandra Moctezuma testified that at the time of the accident she was in a vehicle with her husband and five-year-old daughter. They were stopped at a red light when they were hit from behind. She said that her head hit the dashboard causing her nose to bleed. She further stated that she and her husband were transported to the hospital on stretchers and that her daughter suffered a bruise across her neck from the seatbelt. Appellant objected to Moctezuma's testimony on relevance grounds both before it began and when the subject of injuries arose. The trial court overruled the objections.

Tammy Young, a passenger in appellant's vehicle at the time of the accident, testified for the defense that the accident occurred when they were proceeding through a green light and a car merged in front of them causing appellant to hit it. Appellant also presented the testimony of Dr. Louis Trane, who opined that appellant sustained a concussion during the accident and suggested that this might explain her difficulties performing field sobriety tests after the accident.

### Analysis

In her first issue, appellant contends that the trial court erred in overruling her relevance objection to Moctezuma's testimony. In her second issue, appellant contends the trial court erred in overruling her relevance objection to Carter's testimony. We review a court's rulings on the admission of evidence under an abuse of discretion standard and reverse only if the decision is not within the "zone of reasonable disagreement." *Torres v. State,* 71 S.W.3d 758, 760 (Tex.Crim.App.2002). All relevant evidence is admissible, unless otherwise barred by constitution, statute, or the Texas Rules of Evidence. TEX.R. EVID. 402. On the other hand, irrelevant evidence is inadmissible. *Id.* The Rules define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence." TEX.R. EVID. 401. Appellant contends that because the evidence regarding injuries was not relevant to the question of whether she was driving while intoxicated, it was inadmissible under Rules 401 and 402.

The Court of Criminal Appeals has determined that, in a DWI prosecution, evidence of injuries sustained in an accident caused by the alleged drunken driver may be relevant to the question of whether the driver was intoxicated. *Allen v. State,* 149 Tex.Crim. 612, 197 S.W.2d 1013, 1015 (1946); *see also Etheridge v. State,* 903 S.W.2d 1, 14 (Tex.Crim.App.1994) (stating that the extent of a victim's injuries is relevant if it is probative of an element of the offense); *Atkinson v. State,* 157 Tex. Crim. 556, 251 S.W.2d 401, 403 (1952) (following *Allen* ). In *Allen,* the court explained that, by showing the effects of the collision, such evidence may shed light on the force of the collision as well as the speed and manner in which the defendant was driving. 197 S.W.2d at 1015; *see also Massoletti v. State,* 165 Tex.Crim. 120, 303 S.W.2d 412, 413 (1957) (suggesting further that evidence regarding injuries might be admissible as part of the res gestae of the offense that lead to the collision).[1]

It is certainly within the "zone of reasonable disagreement" in the present case whether the evidence of injury was relevant to appellant's manner of driving. *See Torres,* 71 S.W.3d at 760; *Allen,* 197 S.W.2d at 1015. In her defense, appellant presented testimony that the accident occurred because another driver merged in front of her. Evidence that appellant was driving at such a rate of speed and so recklessly that her vehicle caused injuries to people in two different vehicles could be seen as contradicting the claim that the accident was caused by another driver. The trial court did not abuse its discretion in admitting the evidence regarding injuries. It was relevant to the force of impact and the speed and manner in which appellant was driving and, thus, to the issue of whether she was driving while intoxicated. Accordingly, we overrule appellant's two issues.

The trial court's judgment is affirmed.

---

[1]. The Court of Criminal Appeals has cautioned, however, against the admission of the gory details of the injuries or of the pain and suffering caused thereby. *See Massoletti,* 303 S.W.2d at 413; *Atkinson,* 251 S.W.2d at 403; *Allen,* 197 S.W.2d at 1015. Appellant in the present case makes no complaint in this regard, and the testimony regarding the injuries was not particularly detailed.