### C. P. ELLSWORTH v. THE STATE.

#### No. 7096.    Decided October 11, 1922.

**1.—Robbery—Circumstantial Evidence—Charge of Court—Principal.**

It has often been held where the question of one being a principal can be solved only by deduction from circumstances, the case is one of circumstantial evidence, and the law of this issue must be submitted if requested, and where upon trial of robbery this condition prevailed in the instant case, a refusal to charge on circumstantial evidence, as requested, was reversible error. Following Joyce v. State, 90 Texas Crim. Rep., 265.

**2.—Same—Defensive Theory—Charge of Court—Principals.**

Where in his exceptions to the court's charge appellant called attention to the fact that there was no submission of any defensive theories

therein, and defendant requested a charge on principals applicable to the facts in the case, which the court refused, the same was reversible error.

Appeal from the District Court of Bastrop. Tried below before the Honorable R. J. Alexander.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. Hair* and *R. A. Brooks,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bastrop County of robbery and appeals from a judgment giving him five years in the penitentiary.

There are numerous bills of exception in the record, none of which present reversible error save such as are herein discussed.

On the night of the alleged robbery a crap game was in progress in a building in the town of Smithville, Bastrop County. There appear to have been ten or fifteen men present and participating, among whom was appellant. The door opened and a masked man entered, flourished a pistol and ordered hands up. State witnesses testified that about this time appellant also drew a pistol. No one testified to any use of the pistol by appellant during the entire occurrence. He did not present same and did not point it at any one or make any threats to use it, nor did he order or command any of the party to deliver up any money. The record reflects the fact that upon a table in the center of the group of players there was a quantity of money. The masked man advanced to the table, pointing his pistol first at one and than another of the crowd, made a snatch or two at the money on the table, according to the testimony, and also took money from the hands of persons around the table. He then started backing back toward the door, but observing some money in the hands of one of the crowd he returned and took that also. He then backed out of the door and left. During his presence and while he was getting the money the only words or actions attributed to appellant by any of the witnesses were, that when one Carter asked, "What in the hell is all this?" appellant replied, "It is a hold-up, better stick 'em up," and about the same time during the progress of the transaction, according to certain witnesses, appellant reached over to the table and took therefrom some money. State witness Carter said that the money appellant took from the table was silver money; and this witness also said that appellant held up his hands at the order of the alleged robber, along with the other persons present. No witness testified that the money taken by appellant belonged to any one other than appellant himself. No one attributed

any effort on the part of appellant to assault him or anyone else, or claimed that by any display of a pistol on the part of appellant he was frightened or induced to part with his money. There is other testimony that after the robbery was over and search was being made for the robber, appellant was seen at the depot with a man named John Dick, at which time appellant had a pistol in his hand. There is other testimony that a day or two later the sheriff searched appellant's room and found in a drawer thereof two pistols, one of which was claimed and identified by a man named Hand as his, and which was turned over to Hand by the sheriff. The other of said pistols was claimed by appellant himself. Another witness testified that on the night of the alleged robbery he saw appellant and John Dick near or in the section foreman's shanty in the railroad yards and that appellant told him that he was going down to the crap game and break it up. Witness understood from that that appellant was going to play in the game. Three of the State witnesses who were present at the time of the robbery testified that the man who came in with the pistol and ordered the parties to hold up their hands and who took the money, was John Dick. They claimed to recognize him from his voice and a limp in his gait. The day after the alleged robbery John Dick went to San Antoino where he was arrested and $118 found on his person. When appellant was arrested a day or two after the occurrence, $116 was found on his person. The exact amount of money taken in the robbery is not stated, nor did anyone attempt to identify the money found on appellant or Dick, as being theirs. Mr. Hand testified that on or about the day of the robbery he lent a 38-caliber pistol to Dick, which he afterwards got back from the sheriff.

We have stated this much of the evidence for the purpose of making clear the reason for our decision in this case. The State's claim was that the robbery was committed by John Dick and that appellant was present as a principal offender, and aided and encouraged and participated in the alleged robbery, Appellant testified as a witness in his own behalf and admitted his presence at the crap game, and that he was taking part therein. He said that he had two dollars on the table when the alleged robber came in and that before the transaction was ended he reached over and picked up two silver dollars from the table and put them in his pocket. He denied having any pistol or displaying one during the robbery. He admitted being at the depot mixing and mingling with the crowd after the robbery. and also said that he had a pistol at that time. His explanation of the pistol was that John Dick brought it to him that day and told him that he had borrowed it from Mr. Hand and was going to Mexico and asked the appellant to keep it for him, and that he, appellant, put the pistol in a drawer in his office. Appellant was a train dispatcher for the M. K. & T. Ry. Co., and had an office

in the railroad yards. Appellant said that after the robbery and when the crowd began to search for the robber, he went to his office and got out of a drawer the pistol which John Dick had given him that day and joined in the search, and thus accounted for his possession of a pistol at the depot that night. He further stated that after mixing around with the crowd for quite a while, he went home and on his arrival put the pistol gotten from Dick in a drawer where he kept his own pistol. As part of the defense appellant proved by many witnesses that he was employed and drawing a salary of $232 per month, which was paid in semi-monthly installments, and that he had never been arrested for any offense, and had always borne a good reputation both for truth and veracity and as being a peaceable, law-abiding citizen. The reputation of John Dick was also proven as being good.

In this condition of the record appellant excepted to the failure of the trial court to submit the law of circumstantial evidence, and presented a special charge setting forth the law of said issue, which was refused. In our opinion this was error on the part of the trial court. The presence of the accused at the scene of the offense is not enough. It must be shown by sufficient testimony that he knew the intent of the party claimed to be his co-principal, and that so knowing, he aided by acts or encouraged by words or gestures said co-principal in the commission of the offense. In the instant case no conspiracy was proven, or attempted to be proven, between John Dick and appellant except by deduction from circumstances. It is not claimed by the State, or by any witness, that appellant made any assault upon anyone, or ordered anyone to surrender any money, or took from anyone any money, or advised, aided or encouraged whoever the robber was in the commission of the offense. The *factum probatum* in the instant case was that appellant was a principal in the offense committed by John Dick, or some one else. This court has often held where the question of one being a principal can be solved only by deductions from circumstances, the case is one of circumstantial evidence and the law of this issue must be submitted if requested. The recent case of Joyce v. State, 90 Texas Crim. Rep., 265 is directly in point. See also Burrell v. State, 18 Texas 713; Early v. State, 50 Texas Crim. Rep., 344; Pizana v. State, 81 Texas Crim. Rep., 81, 193 S. W. Rep., 671; Anderson v. State, 85 Texas Crim. Rep., 411, 213 S. W. Rep., 639.

In his exceptions to the court's charge appellant also called attention to the fact that there was no submission of any defensive theory therein, and the court was asked to charge the jury that even though they might believe that John Dick committed the alleged robbery and that the defendant was present and knew that the robbery was going to take place, they could not convict him unless he aided by acts or encouraged by words or gestures the said John Dick in the commission

of the robbery. The court was also asked to charge the jury that the bare presence of the appellant would not of itself constitute him a principal. It is true that these requests were not written out in separate charges and presented to the court, but were written out and requested as part of appellant's exceptions to the court's main charge. It might be that it would have been in better form to have presented said requests in separate papers, but the administration of justice aims at substance and not form, and we think the request was sufficiently presented.

For the reasons mentioned the judgment of the trial court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*