LEBRON R. FIELDS V. STATE

No. 27,008. June 2, 1954
Rehearing Denied October 20, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) November 17, 1954

*Howze & Howze,* by *Murray J. Howze,* Monahans, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery by the exhibition of a deadly weapon; the punishment, five years.

The injured party testified that he was working in the field when appellant and his companions brought the automobile in which they were riding to a halt in the road nearby, that the appellant first asked him for gasoline and then asked him if he knew anything about automobiles, but that before he could reply the appellant struck him with his fist. He testified that he fell to the ground as a result of these blows and that appellant

placed his knee in his stomach, put a dagger with a four and one-half inch blade to his neck and demanded his money, that appellant searched his pockets, discarded the small amount of Mexican money which he had therein but took a package of cigarettes and a pair of dice from him, rubbed dirt in his face, and drove away. The injured party testified that he did not resist because he was afraid the appellant would kill him with the knife which he held to his throat.

There was considerable medical testimony showing the injuries sustained by the injured party.

The appellant did not testify, but did offer a witness who stated that the appellant had been drinking on the day in question. He also called many witnesses, who testified as to his reputation for being a peaceable, law-abiding citizen.

Appellant complains of the refusal of the court to submit his requested charge on aggravated assault. While aggravated assault is a lesser and included offense within a charge of robbery by the exhibition of a deadly weapon, still there must be some facts in evidence to raise the issue which would require the submission of the charge on aggravated assault. We find no such facts in the record before us. Appellant contends that because the state offered and the court admitted evidence of the injuries received on the theory that they were admissible to prove the aggravated assault count in the indictment, the court should have charged the jury on such count. We, of course, will not be bound by the reasons assigned for the offering or admitting certain admissible evidence. We repeat that there was no testimony which would require the submission of aggravated assault to the jury .

Appellant further contends that, since the "State had abundantly and completely established every essential element of . . . the count charging Robbery with a Deadly Weapon," then it constituted error for the court to admit evidence as to the injuries received by the injured party during the course of the robbery. He relies upon those authorities which hold that the exhibition to the jury of scars which tend to solve no disputed issue constitutes error, but such authorities are not deemed applicable here.

The indictment charged robbery by assault, violence, and putting in fear. The state had the right to prove all three. On the allegation of violence the state may prove the injuries sus-

tained as the result of such violence. In fact, such is the best proof thereof.

The evidence being admissible, it is immaterial that the same was offered and admitted upon an erroneous theory.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant again insists that he was entitled to have the jury instructed upon the law of aggravated assault.

This contention is governed by the evidence in the case. If such testimony clearly shows the offense proven was robbery and that the violence used was only for the purpose of effectuating the robbery, it is not necessary to charge upon a lesser offense, although facts which might otherwise constitute a lesser offense appear in the testimony to make up the proof of the greater offense. The state's testimony shows a completed offense of robbery. The appellant did not testify or offer any testimony concerning the commission of the acts presented by the prosecution as a basis for the offense charged, and there was no issue raised in the evidence relative to facts constituting a lesser offense. Under these facts, we are unable to agree that the trial court was required to charge on aggravated assault.

We remain convinced that the testimony showing the nature of the injuries received by the victim of the robbery was admissible in evidence in this cause.

The motion for rehearing is overruled.

Opinion approved by the court.