**Virgil Allen REYNOLDS, Appellant,**

v.

**The STATE of Texas.**

No. 35958.

Court of Criminal Appeals of Texas.

Oct. 9, 1963.

Rehearing Denied Dec. 4, 1963.

Mauzy & Mauzy, by D. B. Mauzy, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Rick Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is aggravated assault with a motor vehicle; the punishment, 730 days confinement in jail, and a fine of $1,000.

In view of the disposition to be made of this case, the evidence need not be discussed at length. Suffice it to say that there was evidence that a car driven by Mrs. Minnie Boyd Grimes, and one driven by Mr. Loy B. Young were struck by another on 69th Street in Houston. The evidence shows that Grimes and Young were driving north on 69th, which is a one-way street headed north, when the other car approached headed south (opposite to the direction of the traffic on the street). Appellant was found near the car with cuts, lacerations and bruises which matched the steering wheel of the "wrong-way" car. He gave a number of conflicting statements to the investigating officer, one of which was to the effect that he had been driving 35 miles per hour at the time of the accident.

Dr. Harry Preble was called as a witness for the State. His testimony was that he had happened on the scene shortly after the accident, and had sought to aid Mrs. Grimes, and had treated her after she was taken to the hopsital.

After detailing, over objection of appellant's counsel, the physical injuries which Mrs. Grimes had received the following transpired:

"A. * * * She had multiple abrasions, contusions of the body and on the second time—do you want the final diagnosis?

"Q. Yes, Sir, I would like to have the final diagnosis.

"Mr. Mausy: Your Honor, we would object to that on account the testimony of this Doctor does not solve any issue in the case and any injuries after that date, the diagnosis thereof not an aid in the determination of this case.

"The Court: Any other injuries sustained but what he found on this occasion overruled.

"The Witness: Then shall I go on. She developed some gastrointestinal hemorrhage a day after admission. She also passed some blood in her urine and she had some transit acathectic, that is like a person has what they call yellow jaundice, turn yellow like when you have gall bladder disease. She developed that too. I think it is related to absorption of the blood products in all the bruises of the body."

This testimony comes clearly within that prohibited in Fowler v. State, Tex.Cr.App., 352 S.W.2d 838.

The nature and extent of the injuries had been proven. The further testimony of the Doctor was surplusage. As stated in Fowler:

"* * * This testimony was no doubt prejudicial and inflammatory to the rights of the appellant before the jury,

and it probably resulted in the imposition of a heavier penalty than would have been imposed absent this testimony. * * *"

In light of this error appellant's other contentions need not be passed on. The judgment is reversed and the cause remanded.

WOODLEY, Presiding Judge (dissenting).

I respectfully dissent for the reasons stated in my dissent in the Fowler case cited and relied upon by the majority.