Fred Arispe CRUZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 33026.

Court of Criminal Appeals of Texas.

June 4, 1969.

Will Gray, Houston (On out of time appeal only), for appellant.

**532**

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, fifteen years.

This is an out of time appeal resulting from the Fifth Circuit Court of Appeals decision in Cruz v. Beto, 391 F.2d 235 holding that the appellant was denied counsel on the original appeal of this case to this Court. Cruz v. State, 170 Tex.Cr.R. 611, 343 S.W.2d 457.

 The appellant's contention that this Court has no jurisdiction under the 1925 Texas Code of Criminal Procedure to grant and hear an out of time appeal in this case which was tried before the decision in Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 19 L.Ed.2d 408 is overruled. Crawford v. State, Tex.Cr.App., 435 S.W.2d 148; Ex parte Castanuela, Tex.Cr.App., 435 S.W.2d 146.

It is contended that this Court should remand this cause to the trial court for an evidentiary hearing upon appellant's sworn and uncontroverted motion and affidavit of newly discovered evidence.

The attached affidavit dated May 29, 1968, verifies a copy of a letter dated August 29, 1962, addressed to Dr. George Beto from Robert Baray Lopez which recites that it contains "all facts on the case of one Fred Arispe Cruz, who is in prison."

A re-examination has been made of the transcript of the evidence in light of appellant's contention, and his amended motion for new trial with the attached affidavit of Robert Lopez. The appellant and Lopez were arrested together a short distance from the scene of the robbery, returned to the scene and identified by the victims within thirty minutes, and appellant was identified at the trial by the victims. No lineup was held. No confessions were introduced in evidence. The officers found two pistols on Lopez who was sitting within eight or ten inches of appellant on a curb with a brown paper bag between them containing currency, checks and "change."

The contention that this cause should be remanded to the trial court for an evidentiary hearing is not warranted from the record presented.

From the record, no error appears in the admission in evidence of the brown paper bag and its contents as the appellant contends.

The judgment is affirmed.

DOUGLAS, J., not participating.