**James Dale LEVELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42780.**

Court of Criminal Appeals of Texas.

April 22, 1970.

Grover L. Stephens, El Paso, for appellant.

Jamie C. Boyd, Dist. Atty., and Wanda E. Creamer, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, 50 years.

Appellant and one Sue Allen were jointly indicted for robbery with firearms of Feliciano Chavez. Severance was granted. Appellant pleaded not guilty before a jury. He was found guilty and the same jury assessed his punishment.

The following narrative of the evidence which the state agrees clearly sets forth the principal testimony and evidence in the trial is quoted from appellant's brief.

"Feliciano Chavez testified that appellant came to his service station in El Paso County, Texas on the afternoon of November 27, 1968. At such time, Chavez was engaged in testing an automobile battery in one of the bays of the service station when his employee, Jesus Lara, called to him. Chavez looked around and saw appellant pointing a pistol at Lara. Appellant motioned Chavez into the service station office and upon reaching the office, appellant asked Chavez for 'the money'. Chavez gave appellant the money ($33.00) as well as Chavez's wallet. Appellant then tripped the safety off of the pistol and shot Chavez.

"Officers Martinez and Tubbs, of the El Paso Police Department, testified that on November 27, 1968 (time of day not being specified) they arrived at Chavez's service station and found Lara holding a gun, appellant being held by a man, and Chavez sitting on a bench. Search of the appellant by the officers revealed that he had $33.00 in his righthand pocket and the officers took him into custody."

The sole ground of error is:

"In allowing the prosecuting witness, Feliciano Chavez on direct examination, and over the objection of appellant's counsel, to testify about the nature and extent of his injuries, treatment, and his then existing condition, when such testimony served no purpose and solved no issue and was prejudicial and inflammatory of the rights of appellant before the jury, the trial court erred in overruling appellant's objection, and this case should be reversed."

Appellant relies upon Fowler v. State, 171 Tex.Cr.R. 600, 352 S.W.2d 838, and Reynolds v. State, Tex.Cr.App., 372 S.W.2d 540, both of which were cases in which a conviction for aggravated assault with a motor vehicle was reversed (the writer dissenting).

Fields v. State, 160 Tex.Cr.R. 498, 272 S.W.2d 120, and Roberts v. State, 172 Tex.Cr.R. 500, 360 S.W.2d 883, in both of which a conviction for robbery with firearms was affirmed by unanimous opinion, are deemed authority for overruling appellant's ground of error.

In Roberts v. State, supra, we quoted from Fields v. State, supra:

"In Fields v. State, 160 Tex.Cr.R. 498, 272 S.W.2d 120, 121, we said:

" 'Appellant further contends that, since the "State had abundantly and completely established every essential element of * * * the count charging Robbery with a Deadly Weapon," then it constituted error for the court to admit evidence as to the injuries received by the injured party during the course of the robbery. He relies upon those authorities which hold that the exhibition to the jury of scars which tend to solve no disputed issue constitutes error but such authorities are not deemed applicable here.

" 'The indictment charged robbery by assault, violence, and putting in fear. The state had the right to prove all three. On the allegation of violence the state may prove the injuries sustained as the result of such violence. In fact, such is the best proof thereof.' "

Insofar as they may be in conflict with such holding; Fowler v. State, supra, and Reynolds v. State, supra, are overruled.

The judgment is affirmed.

MORRISON, Judge (concurring).

Since I wrote Fields v. State, supra, naturally I agree with my brother Woodley's opinion in the case at bar, but I do not agree that Fowler v. State, supra, and Reynolds v. State, supra, should be overruled. In prosecutions for assault with a motor vehicle, this information contained no allegation which would authorize proof of the extent of the injuries.