Michael Westly JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 42836.

Court of Criminal Appeals of Texas.

May 6, 1970.

**508**

---

Robert B. Billings, Dallas, (on appeal) for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, W. T. Westmoreland, Jr., and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, ninety-nine years.

■ The first ground of error is that: "Because the defendant was identified by photographs and was not allowed to have the safeguard of a line up or other method of identification."

While testifying, Douglas Stephen Bradley, the alleged assaulted party, identified the appellant as one of three men who entered the service station he and his brother were operating. Bradley testified that he got a good look at the appellant during the three or four minutes the appellant was in the well-lighted station; that the appellant shot his pistol four times, striking him in the chest above the heart and once in the back, and shot his brother in the shoulder while another shot missed his brother; and that his brother was stabbed by one of appellant's companions seven times.

On cross-examination Bradley testified that he gave a description of the appellant to the police. At this time no photographs were shown him. The day after the robbery, the police showed Bradley three or four police type pictures of different persons while he was in the hospital without indicating who they were. Bradley testified that he immediately identified one as the man who shot him and his brother. At the trial Bradley testified, "I looked at pictures yesterday and they said it was one of them, now, whether it was or not I don't know, because I didn't look that closely at them." Bowman v. State, Tex.Cr.App., 446 S.W.2d 320.

There were no objections to or motions to strike any of the testimony pertaining to the photographs. No line-up was held.

It is concluded that the use of the photographs as shown did not deprive the appellant of any of his rights to a proper out-of-court identification. United States v. Hamilton, D.C.Cir., 420 F.2d 1292. The first ground of error is overruled.

■ The admission of the testimony of an officer describing the condition of the victims of the robbery upon his arrival at the scene is urged as a ground of error for the reasons that it solved no issue and was prejudicial.

To the answer of an officer witness that Bradley was in a critical condition when he was asked to describe him at the scene, the court promptly sustained the objection thereto.

No objections were made to the officer's description of the appearance of the victims, the furniture and the room upon his arrival at the robbery scene. However, such description is admissible. The indictment charged robbery by assault, violence, and putting in fear. The state had the right to prove all three. On the allegation of violence the state may prove the injuries sustained as the result of such violence. Fields v. State, 160 Tex.Cr.R. 498, 272 S.W.2d 120; Roberts v. State, 172 Tex.Cr.R. 500, 360 S.W.2d 883; Levell v. State, Tex.Cr.App., 453 S.W.2d 831. The second ground of error is overruled.

It is contended that the trial court erred in commenting upon the weight of the evidence when ruling upon objections and instructing witnesses while they were testifying.

Although the appellant in his brief refers to 35 instances in the transcript of the evidence, an examination of the record reveals that only one objection was made. This objection was directed to the uncertainty of the identity of a truck and the date inquired about. The objection was then met by the testimony. The third ground of error is overruled.

Appellant contends that the trial court erred in permitting the prosecution to use police officers to show that his reputation was bad.

 To the admission of this reputation testimony at the hearing on punishment no objection was made. There was no voir dire of the witnesses to determine the basis of their testimony. The fact, alone, that the reputation witnesses for the state were police officers does not disqualify them as witnesses and preclude the admission of their testimony. Ballew v. State, Tex.Cr. App., 452 S.W.2d 460; Chamberlain v. State, Tex.Cr.App., 453 S.W.2d 490; Green v. State, Tex.Cr.App., 453 S.W.2d 166. The fourth ground of error is overruled.

The judgment is affirmed.