Jesse **DICKSON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45364.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied April 11, 1973.

Stephen M. Orr, Austin (On appeal only), Laird Palmer, Austin (On appeal only), for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery by assault. Punishment was assessed by the jury at four-hundred years.

■ At the outset, appellant contends that the evidence is insufficient to support the conviction. Charles Henderson, attendant on duty at the "Stop'N'Go" drive-in grocery on East 19th Street, Austin, testified that he was at the cash register counting money on January 23, 1971, when he saw appellant and four other men "come from around the building," walk in front of the store and enter single file to the counter where he was standing. One of the men asked for a package of "Kools" and as Henderson turned around to get the cigarettes, he was shot in the left shoulder. Upon attempting to turn back to the counter, Henderson was shot three more times after which he fell to the floor and "played dead." Henderson was unable to tell which of the men shot him, but stated from the way the men were positioned at the counter, it would have only been possible for three of the men (one of whom was appellant) to have fired the shots. While Henderson was on the floor, he could hear money being taken from the cash register. Nolan Cobb, a representative of "Stop'N'Go stores testified that One Hundred and Thirty-One Dollars was taken.

Officer Hickey, of the Austin Police Department, having received a call regarding the robbery, observed three men walking on a nearby street, and upon making a U-turn in his vehicle, the three began to run and evaded him. Hickey later identified the men as L. C. Williams, Arthur McElwee (also known as Cosea Lee Battle) and L. C. Duhon.

Later in the morning, Hickey went to a residence on the same street (where he observed the three men) where another officer was talking with L. C. Williams. After receiving permission from the owner of the residence, the officers entered and found two pieces of paper clipped together lying on a dresser. The clipped together papers, introduced into evidence, contained initials L. C., J. D., C. L., H. C., and L. B. Names were written on said papers as follows: "Jesse Dickson Jr III," "Larry C Duhon," "L. C. Williams Jr.," "L. C. Clark" and "Cosea Lee Battle." Also appearing on the clipped together papers was the following:

"RULE'S

"1 No unnecessary money spend
"2 Two stone's kill five duck
"3 All B...S... must be terma
"4 Friday/Saturday/Tuesday
"5 No flakeing out for no"

A pistol was found at the residence later determined to have been the pistol which fired one of the bullets removed from Henderson. One other bullet was removed from Henderson, but according to Fred Rymer, of the Firearms Section of the Department of Public Safety, it was too badly mutilated to be subject to analysis. After the search of the house, L. C. Williams, Jr., and Arthur McElwee were arrested. On January 27, 1971, appellant and Larry Charles Duhon were arrested at an apartment on Rosewood Avenue in Austin. At the trial, Henderson identified appellant, L. C. Williams, Jr., L. C. Clark, Jr., Arthur McElwee, Jr., and Larry Charles Duhon as the five persons in the store at the time in question and as the only people who could have committed the robbery.[1]

Appellant urges that since no witness observed him fire the gun or take any money, and no proof of his intent to commit the robbery was adduced, the evidence is insufficient to support the conviction.

While presence alone at the commission of the offense will not constitute one a principal, presence is a circumstance tending to prove that a person is a principal, and taken with other facts, may be sufficient to show that he was a participant. Harper v. State, Tex.Cr.App., 477 S.W.2d 31; Childress v. State, Tex.Cr.App., 465 S.W.2d 947; Johenne v. State, Tex.Cr. App., 417 S.W.2d 64.

Henderson saw appellant approach the store with the other four men, saw them enter together, and as soon as Henderson heard the robbers leave, he observed that appellant, along with the other four men, had left the store. Appellant was arrested at an apartment with Larry Charles Duhon, identified by Henderson as one of the men who entered the store with appellant. In addition to the gun which fired one of the bullets, Henderson's gun which was taken from the store in the robbery and a bag containing One Hundred and Ten Dollars and Seventy Cents were found at the house where L. C. Williams and McElwee were arrested. Also found at this address were the papers containing appellant's name, initials and the names and initials of other persons identified as having taken part in the robbery. We find the evidence sufficient to support the conviction.

Appellant's next contention is that the trial court erred in refusing to instruct the jury on circumstantial evidence. That appellant was at the scene of the crime is not disputed. Appellant urges that, where no assault is made by the defendant nor is any money taken by him, it must be shown by sufficient testimony that he was aware of the intent of the actual robbery. The jury was charged on the law of principals, specifically that "mere presence alone will not constitute one a principal," and that one is a principal when he is "present and, knowing the unlawful in-

---

1. The five persons identified by Henderson were jointly indicted, and appellant's trial was severed therefrom.

tent, aid(s) by acts, or encourage(s) by words or gestures . . . advise(s) or agree(s) to the commission of an offense . . . ." In light of this charge, the jury necessarily reached the issue of appellant's intent and decided it against him.

In urging that error lay in the court's refusal to give a charge on circumstantial evidence, appellant cites Ellsworth v. State, 92 Tex.Cr.R. 334, 244 S.W. 147, in which this Court held the issue of whether the accused was a principal in a robbery necessitated a charge on circumstantial evidence. The accused had testified that he was not involved in the robbery, although he admitted he was present when the offense occurred. In Ellsworth, the jury only had direct evidence of the accused's presence at the crime. The court, in Ellsworth, refused to charge either on circumstantial evidence, principals, or even that the mere presence of the accused at the scene of the crime was not enough to find him guilty. In the instant case, there was direct evidence of appellant's association with the robbers and that his presence at the scene of the crime coincided exactly with that of the robbers. The jury was instructed on principals, and by its verdict, the jury necessarily determined the only issue remaining, that of appellant's intent to participate in the crime. See Russell v. State, Tex. Cr.App., 396 S.W.2d 117.

In Hill v. State, Tex.Cr.App., 466 S.W. 2d 791, a robbery case where a codefendant testified that accused was present but knew nothing of the crime, complaint was made of the trial court's failure to charge on the law of circumstantial evidence. This Court said, "A charge on circumstantial evidence need not be given when the state's evidence is direct, nor if the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony."

We reject appellant's contention that the court erred in failing to instruct the jury on the law of circumstantial evidence.

Appellant's third contention is that he was harmed by the jury's assessment of punishment in the penalty stage of this trial. He urges that Article 37.07, Sec. 2(b), Vernon's Ann.C.C.P., is mandatory in providing that after a finding of guilty, the judge must assess punishment unless one of three situations exist: 1. The case is a capital case, and the State has made it known prior to trial that it will seek the death penalty. 2. The defendant has sought probation by filing a sworn motion prior to trial. 3. The defendant has elected jury assessment in writing at the time his plea is entered. In addition, Article 37.07, Sec. 2(b), V.A.C.C.P., further provides, "The defendant may, with the consent of the attorney for the state, change his election." In the instant case, while none of the exceptions existed to the judge assessing punishment under Article 37.07, Sec. 2(b), V.A.C.C.P., appellant voiced no objection in the trial court to the jury assessing punishment.

Is there anything inherently detrimental in the jury assessing punishment which appellant could not waive by his failure to object to such procedure? We think not.

This Court has said that a defendant can waive statutory rights with regard to assessment of punishment. After the effective date of the 1965 version of Article 37.-07, Sec. 2, V.A.C.C.P., and prior to the 1967 amendment (eff. Aug. 28, 1967) of said Article, this Court, at a time when separate trials were not authorized on issues of guilt and punishment in capital cases, said: "Though such procedure is not authorized by Art. 37.07, C.C.P., a defendant pleading not guilty in a capital case where the state is seeking the death penalty is denied no constitutional or statutory right when, without objection or at his request, separate trials are had before the same jury on the issues of guilt or innocence and the punishment to be assessed." Williams v. State, Tex.Cr.App., 415 S.W. 2d 917. See also Jones v. State, Tex.Cr. App., 416 S.W.2d 412. In Breeden v. State, Tex.Cr.App., 438 S.W.2d 105, con-

trary to the requirements of Article 37.07, the trial court conducted a one stage trial at the defendant's request. In Breeden, this Court cited Williams v. State, supra, and said: "Although the submission in this case is opposite to that in Williams, it appears that it is applicable here in that there was no objection but a request for a one stage submission."

Although the jury was not authorized to assess punishment under Article 37.07, Sec. 2(b), V.A.C.C.P., in the instant case, we conclude that in view of appellant's failure to object to such procedure, no reversible error is presented.

■ Appellant contends that a pre-trial line-up was conducted without his being represented by counsel and that it was error to permit complaining witness Henderson to make an in-court identification of him because his testimony was tainted by an impermissibly suggestive line-up prior to trial.

A motion to suppress the testimony of Henderson identifying appellant as one of the persons at the robbery was heard at a pre-trial hearing on April 8, 1971. At the motion to suppress, testimony was elicited from Henderson that there were five or six persons in the line-up, all of whom were black and about the same age; that he (Henderson) identified two of the persons in the line-up as being present at the time of the robbery. The persons identified by Henderson were designated by the color of their shirts and not by name. Apparently, formal charges had been filed against appellant at the time of the line-up since the record reflects that appellant was arrested pursuant to a warrant of arrest. Thus, the requirements of counsel at line-up under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, as construed by Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, were brought into play.

All that was developed at the motion to suppress regarding whether there was counsel at the line-up was that Henderson did not see any of the lawyers at the line-up who were present at the motion to suppress, and he did not hear the people in the line-up warned as to their right to counsel. Insofar as the record reflects, the motion to suppress hearing did not develop that Henderson identified appellant at a line-up and such motion was overruled by the court.

Over three months after the motion to suppress hearing, on July 12, 1971, trial began and Henderson, without objection, positively identified appellant as one of the persons in the store at the time in question. Later, on cross-examination, the only mention of line-up at the trial came when testimony was elicited from Henderson that he saw appellant in a line-up.

While the record does not reflect whether counsel was present at the line-up or if appellant was warned as to his right to counsel, an in-court identification is admissible if of independent origin, although line-up may have been illegal. Thompson v. State, Tex.Cr.App., 480 S.W.2d 624.

Henderson was positive in his identification of appellant at trial; he testified he had an opportunity to observe appellant at the time of the crime; all persons in the line-up were black and about the same age. Henderson testified no suggestive remarks were made to him at the line-up, and the line-up was held four days after the crime. While testimony was elicited from Henderson on cross-examination at the trial that the height of the persons in the line-up varied, he testified that out of the five or six persons in the line-up, one other person was of the same height as appellant. While it might be better practice to use persons in a line-up whose every feature matches, neither due process of law nor common sense requires such procedure. Ward v. State, Tex.Cr.App., 474 S.W.2d 471.

We conclude that the record negates the contention that the in-court identification was tainted by the line-up. See Lewis v.

State, Tex.Cr.App., 481 S.W.2d 139; Duncan v. State, Tex.Cr.App., 454 S.W.2d 736; Harris v. State, Tex.Cr.App., 453 S.W.2d 838.

■ Appellant next contends that the court erred in allowing into evidence testimony of the complaining witness regarding the nature and extent of his injuries.

In Fields v. State, 160 Tex.Cr.R. 498, 272 S.W.2d 120, it was said:

"The indictment charged robbery by assault, violence, and putting in fear. The State had the right to prove all three. On the allegation of violence the State may prove the injuries sustained as the result of such violence. In fact, such is the best proof thereof."

In Levell v. State, 453 S.W.2d 831, this Court cited Fields v. State, supra, in rejecting defendant's contention that the victim of the robbery was improperly allowed, over objection, to testify about the nature and extent of his injuries, treatment and his then existing condition.

Appellant's contention that the court erred in allowing the victim to testify regarding injuries sustained in the robbery is without merit.

■ Appellant's seventh contention is that it was error to permit the State to bring into the courtroom the four co-defendants in the offense to enable the complaining witness to identify them.

The only objection appellant raised at trial upon presentation of co-defendants in the court was that the procedure was "immaterial and irrelevant." It is a well settled rule that an objection that the evidence is immaterial and irrelevant is but a general objection which is like no objection at all. Haynes v. State, Tex.Cr.App., 468 S.W.2d 375; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Spencer v. State, Tex. Cr.App., 438 S.W.2d 109.

■ Appellant raises related issues in his eighth, ninth and twelfth conten-

tions, citing no authorities. He urges that it was improper to introduce into evidence the pistol belonging to Henderson taken in the robbery, the pieces of paper containing appellant's name and initials with those of the other co-defendants, and similarly, evidence concerning the arrest of two of the co-defendants and the finding by police of money upon the arrest of L. C. Williams.

Where the prosecution of one actor is founded on his participation in the crime as principal, it is not error to admit into evidence fruits of the crime found on the person of another actor-principal. Bennett v. State, Tex.Cr.App., 450 S.W.2d 652. See O'Neal v. State, 416 S.W.2d 433; Williams v. State, 170 Tex.Cr.R. 595, 343 S. W.2d 263; Cruz v. State, Tex.Cr.App., 441 S.W.2d 531. Further, appellant's objection that the pieces of paper with names and initials were "irrelevant" preserves nothing for appeal. Haynes v. State, supra; Hinkle v. State, supra.

■ Appellant's tenth contention is that irreparable harm was done when the State elicited evidence of an extraneous offense.

Officer Dannheim was asked if he had found anything in the search of the house on Pennsylvania Street that indicated that appellant had been there. Dannheim answered that Sergeant Polivka found a narcotics rig. Appellant objected to such testimony as being hearsay, the objection was sustained by the court, and the jury was instructed to disregard the testimony. Appellant received the ruling he requested and asked for no further relief. In absence of a motion for mistrial, appellant would have nothing about which to complain, even had he properly preserved the claimed error. Rutledge v. State, Tex.Cr. App., 458 S.W.2d 670; Hoover v. State, Tex.Cr.App., 449 S.W.2d 60.

■ Appellant, in his eleventh contention, urges that the court erred in refusing to allow into evidence testimony concerning another robbery occurring some six

months after the time in question, in which the robber asked a drive-in grocery clerk for a package of Kools, and when the clerk turned to get the cigarettes, the assailant drew a gun. Appellant urges that since Henderson stated that he thought that the person who asked for the Kools in the instant case did the shooting, such testimony indicated that such person was still at large.

Henderson had testified that appellant was not the person who had asked him for the Kools cigarettes. There appears no connection between the robbery occurring some six months after the time in question and the guilt or innocence of appellant. See Fleck v. State, Tex.Cr.App., 380 S.W. 2d 621. No error is shown in the court's refusal to allow the proffered testimony.

 In appellant's thirteenth and last contention, he urges that the court was in error in allowing the State to question an officer regarding appellant's reputation after he first testified that he did not know his reputation for being a peaceful and law abiding citizen.

When Officer Gregory was first asked if he knew the reputation of appellant for being a peaceful and law abiding citizen, he answered that he did not. After a recess, Gregory returned to the stand and testified that he knew the reputation of appellant for being a peaceful and law abiding citizen and that it was bad. No objection was voiced by appellant to such testimony. Error, if any, was not preserved when the complained of testimony was given without objection in the trial court. Grant v. State, Tex.Cr.App., 472 S.W.2d 531; Verret v. State, Tex.Cr.App., 470 S. W.2d 883.

The judgment based upon the court's charge and the jury verdict recites that appellant is guilty of the offense of robbery by assault. The sentence recites that appellant "has been adjudged guilty of the offense of robbery by firearms." The sentence, based upon the charge, verdict and

judgment, is reformed to show that the conviction is for robbery by assault.

As reformed, the judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., and ROBERTS, J., dissent for the reason the court refused to grant the requested charge on circumstantial evidence.