

# The Attorney General of Texas

June 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable James McGrath
Criminal District Attorney
Jefferson County
Beaumont, Texas 77704

Opinion No. H- 1196

Re: Validity of arrest based on teletyped warrant.

Dear Mr. Smith:

You ask whether local law enforcement officers may arrest someone under the authority of an arrest warrant teletyped from another law enforcement agency. Article 15.26 of the Code of Criminal Procedure provides as follows with respect to arrest under warrant:

> The officer need not have the warrant in his possession at the time of the arrest, provided the warrant was issued under the provisions of this Code, but upon request he shall show the warrant to the defendant as soon as possible.

Article 15.26 has been held to authorize arrests by officers who had knowledge of a warrant but did not have possession of it. Rutledge v. State, 458 S.W.2d 670 (Tex. Crim. App. 1970); Howard v. State, 453 S.W.2d 150 (Tex. Crim. App. 1970). In Cook v. State, 470 S.W.2d 898 (Tex. Crim. App. 1971), the sheriff's department was informed by telephone call from another law enforcement agency that a warrant had been issued for the defendant. The arresting officers had only the warrant number, not a warrant. The court found the arrest valid under article 15.26 and upheld the search and seizure incident to the arrest. See also Bradley v. State, 478 S.W.2d 527 (Tex. Crim. App. 1972); Pangarakis v. State, 468 S.W.2d 79 (Tex. Crim. App. 1971).

In our opinion, a law enforcement officer who learns of an outstanding arrest warrant through teletype message may make an arrest under its authority, even though he does not possess the warrant. Article 15.26 of course requires that the warrant have been issued under the Code of Criminal Procedure. We note that Attorney General Opinion WW-737 (1959) states that an officer must have a warrant with him at the time of the arrest. However, that opinion relied on a predecessor of article 15.26 which was amended in 1967 to authorize arrest without possession of a warrant.

In view of our answer to your question, we need not discuss article 15.08 of the Code of Criminal Procedure which authorizes the forwarding of arrest warrants by telegraph.

### SUMMARY

Article 15.26 authorizes law enforcement officers to make arrests under warrant without having possession of it. If the arresting officer learns of an outstanding warrant through a teletype message from a law enforcement agency, he may make an arrest under its authority.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn