# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00556-CR

**Reginald Sutton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 3031315, HONORABLE JON N. WISSER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Reginald Sutton guilty of credit card abuse. *See* Tex. Pen. Code Ann. § 32.31 (West Supp. 2005). The court assessed punishment, enhanced by previous felony convictions, at eight years' imprisonment. In his only point of error, Sutton complains that his trial counsel was ineffective. We find this complaint to be without merit and will affirm the judgment of conviction.

On June 22, 2003, Jamie Radovanov's purse, containing her checkbook and credit card, was stolen while she was working. Later that day, her credit card was unlawfully used to purchase speakers at Custom Sounds, an Austin store. Two days later, Sutton was arrested at another stereo store by an officer responding to a report of an ongoing forgery offense. At Sutton's feet following his arrest, the officer found Radovanov's checkbook and, inside it, the stolen credit card that had been used two days earlier.

Sutton's photograph was one of six contained in a photographic lineup shown to Gilibaldo Pedraza, the sales manager at Custom Sounds. Pedraza identified Sutton's photograph as the man who used Radovanov's credit card on June 22. He also identified Sutton at trial. Sutton contends that his trial counsel was ineffective because he did not object to the identification testimony on the ground that the photographic lineup was impermissibly suggestive. Sutton must show that his attorney's failure to make this objection was such a serious error under the circumstances that he was not functioning effectively as counsel and that the error prejudiced his defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Because the record is silent regarding counsel's reason for not objecting, Sutton must show that no reasonable trial strategy could justify counsel's conduct. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

A police officer who uses a photographic lineup must be careful not to increase the possibility that a witness may err in his identification of the perpetrator. *Brown v. State*, 64 S.W.3d 94, 99 (Tex. App.—Austin 2001, no pet.). The officer must take care that all of the individuals pictured roughly fit the description of the suspect, there should be nothing about the suspect's photograph to make it stand out, and the officer should not say or do anything suggestive, such as telling the witness that the suspect is included in the lineup. *Id*. at 100.

In this case, the lineup contained six photographs of African-American men with similar complexions and haircuts. There are no obvious age differences and each man is dressed in civilian clothing. While the six men are certainly not identical, neither due process nor common

sense requires such exactitude. *Id*. (quoting *Dickson v. State*, 492 S.W.2d 267, 371 (Tex. Crim. App. 1973)). There is no evidence that the officer told Pedraza that one of the photographs was of a suspect under arrest. Pedraza testified that the officer who showed him the lineup simply asked "if I recognized any of the—of these people as one of the customers that came in on—to purchase anything on that particular day that he asked for." He testified that he found all of the photographs to be similar, and that there was nothing about the photographs or the officer's conduct that suggested to him that he should identify Sutton's photograph.

The photographic lineup has not been shown to have been impermissibly suggestive. While Sutton's counsel may have had nothing to lose by objecting to the identification procedure, we cannot state on the basis of this record that counsel's failure to make the objection was outside the wide range of reasonable professional representation or that an objection would have resulted in a different trial outcome. The point of error is overruled.

The judgment of conviction is affirmed.

 

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: May 25, 2006

Do Not Publish

3