ACCEPTED
12-14-00110-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/7/2015 4:27:58 PM
CATHY LUSK
CLERK



**Mark W. Cargill**
ATTORNEY AT LAW

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/7/2015 4:27:58 PM
CATHY S. LUSK
Clerk

Christa L. Cargill
SR. PARALEGAL
SOCIAL SECURITY REPRESENTATIVE

Sheridan Wendele
CLIENT SERVICES

Cheryl Day
CRIMINAL SECRETARY

December 22, 2014

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
John Robert McDonald

RE:     *John Robert McDonald v. The State of Texas*
        *No.:    12-14-00100-CR/ Trial No. 31410*

Dear Mr. McDonald:

Please be advised that the 12th Court of Appeals District of Texas – Tyler, Texas, has Affirmed the lower court's decision on your case by way of a written Opinion that was issued on December 10, 2014, and a copy of which is enclosed for your convenience. If you desire to file a Pro Se Petition for Discretionary Review - appeal, you must do so **no later than 30 days after the date of the decision.**

If you have any questions or concerns, please call and/or notify me by written - correspondence.

Very truly yours,

Cargill & Associates

Mark W. Cargill
MWC/cc
Enclosure
cc:     Court of Appeals – 12th Court of Appeal
        Tyler, Texas

01 N. Elm Street  •  Palestine, Texas 75801  •  Telephone: 903/729-8011  •  Fax: 903/729-5112  •  Email: cargillaw@earthlink.net

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: # 191796el

John Robert McDonald
Conolly Unit
899 FM 632
Kenedy, TX. 78119

2. Article Number
(Transfer from service label)

7010 3090 0002 7290 4525

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X J Strote          ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
S Strote                               12-24-14

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☒ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

John McDonald
7010 3090 0002 7290 4525

**U.S. Postal Service**
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7010 3090 0002 7290 4525

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions



CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
SAM GRIFFITH
BRIAN HOYLE

## TWELFTH COURT OF APPEALS

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

December 10, 2014

Mr. Mark W. Cargill
Cargill & Associates
701 N. Elm Street
Palestine, TX 75801
* DELIVERED VIA E-MAIL *

Mr. Stanley A. Sokolowski
Asst. Criminal District Attorney
Room 38, Courthouse
500 N. Church Street
Palestine, TX 75801
* DELIVERED VIA E-MAIL *

**RE:**    Case Number:           12-14-00110-CR
        Trial Court Case Number:   31410

**Style:**   John Robert McDonald
          v.
          The State of Texas

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: *Katrina McClenny*
Katrina McClenny, Chief Deputy Clerk

CC:     Judge Pam Fletcher (DELIVERED VIA E-MAIL)
       Hon. Mary L. Murphy (DELIVERED VIA E-MAIL)
       Ms. Janice Staples (DELIVERED VIA E-MAIL)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

DECEMBER 10, 2014

NO. 12-14-00110-CR

JOHN ROBERT MCDONALD,
Appellant
V.
THE STATE OF TEXAS,
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31410)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

NO. 12-14-00110-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| JOHN ROBERT MCDONALD, APPELLANT | § | APPEAL FROM THE 3RD |
| V. | § | JUDICIAL DISTRICT COURT |
| THE STATE OF TEXAS, APPELLEE | § | ANDERSON COUNTY, TEXAS |

## MEMORANDUM OPINION

John Robert McDonald appeals his conviction for theft of a firearm. He raises one issue on appeal. We affirm.

### BACKGROUND

An Anderson County grand jury indicted Appellant for the offense of theft of a firearm alleged to have occurred on or about October 4, 2012. Thereafter, the State filed a notice of enhancement, increasing the punishment range from a state jail felony to a second degree felony.[1]

Appellant pleaded "not guilty," and a jury trial was held. The jury found Appellant guilty, found the enhancement paragraphs true, and assessed punishment at imprisonment for twenty years and a fine of $2,000.00. This appeal followed.

### DENIAL OF MOTION FOR MISTRIAL

In his sole issue, Appellant argues that the trial court erred by denying his motion for mistrial. A mistrial is a device used to halt trial proceedings when error is so prejudicial that

---

[1] See TEX. PENAL CODE ANN. §§ 12.425(b), 31.03(e)(4)(C) (West Supp. 2014).

expenditure of further time and expense would be wasteful and futile. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Standard of Review

A trial court's denial of a mistrial is reviewed for abuse of discretion. Ocon v. State, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); Archie v. State, 221 S.W.3d 696, 699 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling considering only those arguments before the court at the time of the ruling. Ocon, 284 S.W.3d at 884. We will uphold the trial court's ruling if it was within the zone of reasonable disagreement. Id.; Archie, 221 S.W.3d at 699.

Applicable Law

A motion in limine may be used to request that the state not be permitted to mention any evidence of prior convictions to the jury until a hearing has been held outside the presence of the jury to determine the admissibility of the evidence. Westmoreland v. State, 174 S.W.3d 282, 290 (Tex. App.—Tyler 2005, pet. ref'd) (citing Geuder v. State, 115 S.W.3d 11, 14 (Tex. Crim. App. 2003)). Once the motion in limine is violated, counsel must obtain an adverse ruling to preserve the complaint. Id.

Although a request for a lesser remedy is not a prerequisite to a motion for mistrial, we will not reverse a trial court's judgment if the problem could have been cured by a less drastic alternative. See Ocon, 284 S.W.3d at 885; Young v. State, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). The request for an instruction to disregard is essential only when such an instruction could have had the desired effect—the continuation of a trial by an impartial jury. Id. But when a party moves for a mistrial without first requesting a less drastic alternative, he forfeits appellate review of that class of events that could have been cured by the lesser remedy, and the scope of review is limited to the question of whether the trial court erred in not taking the most serious action of ending the trial. Ocon, 284 S.W.3d at 886–87; Young, 137 S.W.3d at 70.

Generally, a mistrial is required "only when the improper evidence or testimony is 'clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury.'" Hinojosa v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999) (citations omitted). Whether the erroneous admission of evidence requires a mistrial is determined by looking at the facts and circumstances of the case. Id.

2

Discussion

Appellant was incarcerated in the Houston County jail when law enforcement officers recovered a gun that Gerald Morris had reported stolen. Before trial, Appellant filed a motion in limine that sought to prohibit the State from eliciting testimony about "why" Appellant was incarcerated. The trial court granted the motion, but Appellant agreed that the State could present evidence that he was incarcerated at the time the gun was found.

Appellant's wife, Leah Nicole Reed a/k/a Nicole McDonald, testified that she had been married to Appellant for three years and that Gerald Morris was her stepfather. Morris had accused her and Appellant of stealing his gun. On the day the gun was found, Appellant had called Reed to bond him out of jail. Reed testified that she told Appellant that Morris (a bail bondsman) would not let her get Appellant out of jail until his gun was found. Eventually, Appellant told Reed where to look in "the woods" and the gun was found.

Reed testified that she had been looking for the gun "a long time," and that she knew where to look because Appellant told her. The following discourse then took place:

State: Okay. Did he call you from the jail?

Reed: Yes, sir.

State: And what was he telling you from jail?

Reed: To go look in the woods, to come get him out because his federal parole got word that he was in jail.

Immediately thereafter, Appellant's attorney approached the bench, arguing "that's a clear violation of the motion in limine. It prejudices the [j]ury to find my client has not only been convicted of a felony, now he's on federal parole." The trial court responded that the State's question had not dictated Reed's response and suggested an instruction to disregard, but none was ever requested or given. Instead, Appellant's attorney made a motion for a mistrial, which the trial court denied. The record does not show any other violation of the motion in limine.

Conclusion

There is nothing in the record that indicates the State knew its question would trigger a response that Appellant was on federal parole. See Hinojosa, 4 S.W.3d at 253. Reed's answer was an isolated event and did not create such an extreme circumstance of incurable prejudice that a mistrial was required. See Archie, 221 S.W.3d at 699. Additionally, the prejudice Appellant

3

complains of could have been cured by a less drastic alternative—an instruction to disregard. See Abdnor v. State, 871 S.W.2d 726, 738 (Tex. Crim. App. 1994) (en banc) ("A manner of lessening the prejudice from the extraneous offense is to give a limiting instruction to the jury."); see also Marshall v. State, 210 S.W.3d 618, 628-29 (Tex. Crim. App. 2006) (trial court's instruction to disregard reference to extraneous offense cured any harm or prejudice); Boyd v. State, 643 S.W.2d 700, 705-06 (Tex. Crim. App. [Panel Op.] 1982) (trial court's instruction to jury to disregard witness statement about extraneous offense cured any harm that might have occurred); Dickson v. State, 492 S.W.2d 267, 272 (Tex. Crim. App. 1973) (holding that although complaint was not properly preserved, appellant would have nothing to complain about because jury was instructed to disregard testimony relating to extraneous offense); Westmoreland, 173 S.W.3d at 291 (presuming that jury followed court's instruction to disregard).

Because a less drastic alternative was available but not requested, the trial court did not abuse its discretion by denying Appellant's motion for mistrial. See Ocon, 284 S.W.3d at 884, 887; Young, 137 S.W.3d at 70. Accordingly, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 10, 2014.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)

4